UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN McWHORTER, | Case No. 1:20-cv-00215-NONE |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER GRANTING EQUITABLE TOLLING TO AND INCLUDING MARCH 31, 2021, and DENYING WITHOUT PREJUDICE FURTHER EQUITABLE TOLLING |
| RONALD DAVIS, Warden of California State Prison at San Quentin, | |
| Respondent. | |

On July 15, 2020, petitioner Richard Allen McWhorter, moved through counsel to equitably toll the limitations deadline under 28 U.S.C. § 2244(d)(1) for the filing of his petition in this action from January 22, 2021 to and including March 31, 2021 due to delay in the appointment of federal habeas counsel, and to further equitably toll that deadline to "one year from the date that San Quentin State Prison removes restrictions on legal visiting and California's stay-at-home order, issued on March 19, 2020, is lifted[,]" due to the impacts of the COVID-19 pandemic. (Doc. No. 15 at 2.)

On July 28, 2020, respondent Warden Ronald Davis, through counsel, filed his opposition to equitable tolling beyond March 31, 2021. Petitioner filed a reply in support of the motion on August 3, 2020.

/////

1

Having considered the pleadings and the record before it, the court finds the pending motion amenable to decision without a hearing.[1]  For the reasons explained below, the court will grant equitable tolling of the applicable statute of limitations to and including March 31, 2021, and deny without prejudice any further equitable tolling of the limitations period at this time.

## BACKGROUND

On March 2, 1998, petitioner was convicted of two first degree murders and first degree residential robbery, with special circumstances of multiple-murder and robbery-murder, and was sentenced to death.  *See* Kern County Superior Court Case No. 65352A.

On August 6, 2009, the California Supreme Court affirmed petitioner's judgment of conviction and sentence on automatic appeal.  *People v. Richard Allen McWhorter*, 47 Cal. 4th 318 (2009), as modified (Oct. 14, 2009), rehearing denied (Oct. 14, 2009).  The United States Supreme Court denied certiorari on October 4, 2010.  *Richard Allen McWhorter v. California,* 562 U.S. 844 (2010).

On January 22, 2020, the California Supreme Court summarily denied petitioner's habeas corpus petition.  *In re McWhorter,* Case No. S180404.

On February 11, 2020, petitioner commenced this federal habeas proceeding pursuant to 28 U.S.C. § 2254 by filing *pro se* requests for the granting of *in forma pauperis* status and appointment of counsel.

On February 18, 2020, the court granted petitioner's requests to proceed *in forma pauperis* and for appointment of counsel.   On that same day, Deputy Attorney General Brook A. Bennigson filed notice of appearance on behalf of respondent, Warden Ronald Davis.

On March 31, 2020, the court adopted the recommendation of the Selection Board for the Eastern District of California and appointed attorneys Soar E. Stetler and Kresta Nora Daly to represent petitioner in this federal capital habeas proceeding.[2]

---

[1]  *See* Doc. No. 14, at 2 n.2; Doc. No. 15, at 1 n.1.

[2]  The order appointing counsel was signed by the court on March 30, 2020, and docketed by the Court Clerk on March 31, 2020.  (Doc. No. 9.)

2

1  On April 27, 2020, the court directed counsel to meet and confer regarding initial case
2  scheduling and to file a joint statement addressing that subject.
3  On May 26, 2020, the parties filed their joint statement, reporting an: (i) agreement
4  that the 28 U.S.C. § 2244(d)(1) limitations deadline for the filing of petitioner's federal habeas
5  petition is January 22, 2021; (ii) agreement that respondent will not assert the 28 U.S.C. §
6  2244(d)(1) limitations deadline until March 31, 2021, i.e. one year after appointment of
7  petitioner's counsel; and (iii) inability to agree on equitable tolling beyond March 31, 2021
8  based upon the impact of and extraordinary circumstances presented by the COVID-19
9  pandemic.
10  On June 1, 2020, following its review of the parties' joint statement, the court set a
11  briefing schedule with respect to petitioner's now pending motion to equitably toll the
12  limitations deadline under 28 U.S.C. § 2244(d)(1).
13  On July 24, 2020, respondent lodged the record.

## DISCUSSION

Petitioner argues for equitable tolling of the statute of limitations deadline of January 22, 2021 to and including March 31, 2021 on grounds that the delay in appointment of federal habeas counsel has and will prevent timely filing of a complete federal petition. (Doc. No. 15 at 1-5.) Respondent has agreed not to assert the limitations period until March 31, 2021, i.e. one year following appointment of petitioner's counsel. (Doc. No. 13 at 2; Doc. No. 19 at 2.)

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *accord Menominee Indian Tribe of Wis. v. United States*, __ U.S.__, 136 S. Ct. 750, 755-56 (2016) (quoting *Holland*, 560 U.S. at 649); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary

circumstances" beyond a prisoner's control make it impossible to file a petition on time), *partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). A literal impossibility to file a timely petition, however, is not required. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

This "exercise of a court's equity powers must be made on a case-by-case basis" and it "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland*, 560 U.S. at 649–50. The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002); *accord Milam v. Harrington*, 953 F.3d 1128, 1132 (9th Cir. 2020). Here, petitioner has satisfied that burden to the extent he has established

extraordinary circumstances brought about by the delay in appointment of his federal habeas counsel prevent the timely filing of a proper federal habeas petition in this action.

An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. § 3599(a)(2). "[T]he right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott,* 512 U.S. 849, 855-6 (1994). An attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *Id.* at 855–56. In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858.

In this case, any lack of reasonable diligence in commencing this proceeding and obtaining appointed counsel is not attributable to petitioner. (*See* Doc. Nos. 1, 2, 9; *see also* Doc. No. 15 at 7.) The limitations period began to run on January 22, 2020, when the California Supreme Court denied petitioner's state habeas corpus petition. The record reflects that petitioner signed documents commencing this action on February 3, 2020, and with the assistance of the Office of the Federal Defender filed those documents with the court on February 11, 2020. Counsel were appointed seven weeks later. (*See* Doc. Nos 1, 2, 9); *see also Dennis v. Woodford*, 65 F. Supp. 2d 1093, 1097 (N.D. Cal. 1999) (the timing of the appointment of counsel "[is] beyond the control of petitioner[.]").

The lack of appointed counsel is an extraordinary circumstance in this case given the time passed since the capital crime, petitioner's possible mental impairments, the complexity of issues, the voluminous record, and the extensive investigation required of the defense team. (*See* Doc. No. 15 at 7-8); *see also Bunyard v. Davis*, No. 2:15-cv-01790 WBS AC DP, 2016 WL 128429, at *3 (E.D. Cal. Jan. 12, 2016) (the question is whether the lack of representation, in the context of all the relevant circumstances, prevents timely filing and warrants the court's exercise of its equitable powers), *report and recommendation adopted,* No. 2:15-cv-01790 WBS AC P, 2016 WL 366230 (E.D. Cal. Jan. 29, 2016). Here, the court observes that the record lodged in this case spans 12,775 pages, including the 232 page appellate opening brief stating 14 claims including subclaims; the California Supreme Court's 81 page reasoned

opinion affirming petitioner's judgment of conviction and sentence as modified on automatic appeal; and the 376 page state habeas corpus petition (amended) asserting 17 claims for relief including subclaims and supported by 79 exhibits totaling 774 pages.  (Doc. Nos. 16-18.)

Like *Bunyard*, this case "is comparable to others in which district courts in California have granted equitable tolling for delays in the appointment of counsel in light of voluminous records, case complexity, and a general showing by plaintiff's counsel of the work to be done." *Bunyard*, 2016 WL 128429, at *5 (citing *Kennedy v. Warden*, No. 2:13-cv-02041 LKK KJN DP, 2014 WL 1513371, at *11 (E.D. Cal. Apr. 16, 2014)  (recommending tolling for the 120 day period between initial filing and appointment of counsel), *findings and recommendations adopted at* Doc. No. 35 (E.D. Cal. Jun. 17, 2014)); *see also Dickey v. Ayers*, No. 1:06-cv-00357 AWI, 2006 WL 3359231, at *3 (E.D. Cal. Nov. 20, 2006) (tolling for the 138 day period between the initial filing and the appointment of counsel).

As noted, in this case respondent does not oppose prospective equitable tolling for the delay in appointment of federal habeas counsel.[3]  Respondent thus appears to concede petitioner's diligence and the extraordinary circumstances presented by the delay in appointment of counsel as well as the absence of prejudice arising from tolling the statutory limitations deadline to and including March 31, 2021.

The court concludes that petitioner has demonstrated entitlement to equitable tolling of the statutory deadline to and including March 31, 2021.

Nest, petitioner argues for further equitable tolling of the statute of limitations to "one year from the date that San Quentin State Prison removes restrictions on legal visiting and California's stay-at-home order, issued on March 19, 2020, is lifted[,]" on grounds these and other extraordinary circumstances of the ongoing COVID-19 pandemic have and will  prevent earlier filing of a complete federal habeas petition, notwithstanding continuing diligent efforts

---

[3] The statute of limitations is an affirmative defense that must be asserted by the government in the answer.  *See* Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *Randle v. Crawford*, 578 F.3d 1177, 1183-87 (9th Cir. 2009), (limitations defense not waived unless by a responsive pleading), *opinion amended and superseded on denial of reh'g*, 604 F.3d 1047, (9th Cir. 2010).

1 by his defense team, who continue to work on the matter.  (Doc. No. 15 at 2, 5-9.)

2       Petitioner points to general impacts of the ongoing COVID-19 pandemic that include:
3 (i)  continuing states of emergency at national, state and local levels and within this court; (ii)
4 stay-at-home and work-from-home directives; (iii) cancellation of prison visits; and (iv)
5 limitations upon record assembly, evidence review, claim investigation, discovery, travel, in-
6 person meetings and witness interviews, and expert services and consultation.

7       Petitioner suggests case specific impacts of the ongoing COVID-19 pandemic that have
8 and will continue to impede:  (i) record assembly and review; (ii) claim investigation,
9 development, and discovery planning; (iii) consultation with prior counsel; (iv) identifying and
10 interviewing witnesses; (v) interviewing and evaluating petitioner; (vi) retaining experts and
11 utilizing their services; (vii) determining the scope and range of investigation into guilt and
12 penalty phase issues; and (viii) preparing and filing a comprehensive federal habeas petition.
13 (Doc. No. 15 at 2, 8-9) (citing Doc. Nos. 15-1, 15-2, 15-3, and 15-4; Doc. No. 20 at 1.)

14       Respondent opposes petitioner's request for further "anticipatory equitable tolling" of
15 the limitations period for an "undetermined period of time," arguing the request is premature
16 and should be denied without prejudice.  (Doc. No. 19 at 2; *see also id.* at 1, 3-4.)  Respondent
17 argues the recent Ninth Circuit decision in *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (*en*
18 *banc*) is authority for the proposition that equitable tolling of § 2244's limitations period is
19 available only retrospectively, i.e. after the filing of an untimely petition.  Respondent further
20 argues that:

21
22
23
24
25
> [i]f [petitioner] cannot file a petition that includes all of his intended claims by [the as tolled] March 31, 2021 [deadline], then on or before that day, petitioner could file a 'protective petition' that includes the claims he has already fully developed, thus ensuring that those claims are timely.  Afterward, he could move to amend the petition with any additional claims and, at the same time, seek equitable tolling for them.  *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a).

26 (Doc. No. 19 at 3.)

27       Petitioner argues in reply that the holding in *Smith* did not impose a blanket ban on
28 prospective equitable tolling, and that the COVID-19 pandemic, a matter not considered by the

1  Ninth Circuit in *Smith*, is an extraordinary circumstance on the facts and circumstances of this
2  case that, absent further tolling, makes timely filing of a complete petition impossible despite
3  the exercise of reasonable diligence on his behalf.  (Doc. No. 20 at 3-12.)
4         The court is unpersuaded by respondent's argument that the Ninth Circuit's decision in
5  *Smith* effectively eliminated prospective equitable tolling of the AEDPA statute of limitations
6  in all cases.  The Supreme Court has not held that equitable tolling of the 28 U.S.C. § 2244
7  deadline is unavailable prior to filing of an untimely petition.  Moreover, the Ninth Circuit has
8  long countenanced prospective equitable tolling.  *See Beeler*, 128 F.3d at 1285, 1289 (finding
9  no basis for upsetting the district court's decision to grant the petitioner's request to
10 prospectively equitably toll the AEDPA statute of limitations and extend the filing date for his
11 federal habeas petition due to a substitution of habeas counsel over which petitioner had no
12 control); *accord Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002) ("[W]e find that
13 prospectively tolling § 2244(d)(1)'s one year limitation period was reasonable in this case.")
14        District judges of this court have, of course, long followed *Beeler* and therefore
15 authorized prospective equitable tolling.  *See e.g., Williams v. Chappell*, No. 1:12-CV-01344
16 LJO, 2013 WL 3863942, at **4-5 (E.D. Cal. July 24, 2013) ("Prospective equitable tolling has
17 been practiced in California federal cases since [*Beeler*].") (citing cases); *Kennedy,* 2014 WL
18 1513371, at *8 (recommending pre-petition tolling, noting that "[P]etitioner has shown a
19 number of courts in this circuit have found equitable tolling appropriate pre-petition.
20 Respondent cites no authority to support his position to the contrary."); *Bunyard,* 2016 WL
21 128429, at *5 ("[T]he court concludes that the 68 day delay in appointment of counsel in this
22 case, considered in light of the age and complexity of the case [including the fact of the penalty
23 retrial and the size of the record], constitutes an exceptional circumstance outside petitioner's
24 control that prevents him from filing within the one-year period."); *Whalen v. Warden*,
25 *California State Prison at San Quentin*, No. 1:14-CV-01865-LJO-SAB, 2015 WL 5359833, at
26 **4-6 (E.D. Cal. Sept. 14, 2015) ("Petitioner's request for assistance from counsel was delayed
27 the noted 82 days through no fault of his own.  For this reason and those discussed below, he
28 was effectively unable to prepare the petition during the period of delay," and also citing the

need to develop and present additional claims, the fact that the record was incomplete and voluminous, that the issues were complex, and the lack of demonstrated prejudice to the respondent).

Other federal district courts in California have relied upon the Ninth Circuit's holding in *Beeler* in granting prospective equitable tolling of the AEDPA limitations period. *See e.g., Tully v. Davis*, No. 18-CV-04763-EMC, 2019 WL 1676080, at *3 (N.D. Cal. April 17, 2019) (the lack of appointed counsel for 85 days warranted tolling, noting the volume of the record, the complex nature of capital habeas litigation, and respondent's waiver of the statute of limitations for the requested period of tolling); *Hoyos*, 2010 WL 596443, at *6 (217 day delay in appointment of counsel warranted a period of tolling, concluding that "just over six months of equitable tolling will allow counsel an opportunity to complete record review, investigation, a mental health evaluation of petitioner, and file the habeas petition."); *cf. Weaver v. Davis*, No. 18-CV-2888 BTM (LL), 2019 WL 2743969, at *3 (S.D. Cal. July 1, 2019) (denying without prejudice pre-petition equitable tolling where petitioner had failed to show extraordinary circumstances preventing the timely filing of his federal petition).

In short, under *Beeler*, the law of the Ninth Circuit has long been that prospective equitable tolling of the AEDPA statute of limitations is appropriate in capital habeas cases where a fact-specific showing justifying such equitable tolling has been made. In *Smith*, a non-capital federal habeas action, the question of prospective tolling of the AEDPA statute of limitation was not even before the court. Rather, in that case the petitioner had filed his federal petition two months after the expiration of the deadline for seeking federal habeas relief. *Smith*, 953 F3d at 587. The Ninth Circuit, sitting *en banc*, rejected the petitioner's retrospective "stop-clock" argument (i.e. that the limitations period was tolled during the two months delay in providing him with the trial court record), because the petitioner could not show he had exercised diligence during the ten months thereafter that he otherwise had to

/////

/////

/////

1 prepare and file his federal petition.[4]  The Ninth Circuit in *Smith* found the petitioner had
2 simply failed to show that he exercised the diligence required for equitable tolling under
3 *Holland* before, during, and after he had obtained the state court record.  953 F.3d at 601-02.
4 In doing so, the Ninth Circuit merely held that the length of any equitable tolling cannot be
5 mechanically determined and that the existence of extraordinary circumstances does not
6 automatically result in equitable tolling absent a showing of the exercise of diligence through
7 the entire time period.  *Id*. at 601.  That holding does not prohibit prospective equitable tolling
8 of the AEDPA statute of limitations based upon extraordinary circumstances that have already
9 taken place and had their impact (i.e. the COVID-19 pandemic), where a finding has been
10 made by the court that those ongoing circumstances make the timely filing of a complete
11 federal habeas petition unlikely, if not impossible, and where petitioner's counsel has
12 demonstrated, and committed to the continued exercise of due diligence.

13      Of course, the Ninth Circuit did not address this issue in *Smith* because it was clearly
14 not even before the court in that case.[5]  That decision cannot be interpreted as deciding a
15 question it didn't address.  Moreover, the decision in *Beeler* remains binding Ninth Circuit
16 precedent with respect to the court's authority to grant prospective equitable tolling of the
17 AEDPA statute of limitations where it is supported by an appropriate showing.  The Ninth
18 Circuit in *Smith* certainly did not expressly overrule *Beeler;* indeed, it did not even mention the
19 decision in *Beeler*.  In *Smith*, the court analyzed the *Holland* factors retrospectively on facts
20 where an untimely federal petition had been filed and the impeding extraordinary circumstance
21 abated long before the AEDPA limitations period had expired.  *See Smith*, 953 F.3d at 589-91,
22 598-600.  In *Beeler*, the court analyzed the *Holland* factors prospectively on facts where the
23 petitioner sought pre-petition tolling in the face of an impediment that was ongoing during the

---

[4] The "stop-clock" approach extends the limitations period by the duration of the impediment to filing the petition, regardless of whether petitioner was reasonably diligent after the impediment was removed. *See Smith*, 953 F.3d at 586.

[5] As the court in *Smith* itself acknowledged, "we granted rehearing *en banc* to resolve a conflict within our cases *about the nature of the diligence required* for a petitioner to be eligible for equitable tolling." 953 F.3d at 587 (emphasis added).

AEDPA limitations period. *See* 128 F.3d at 1289. The two cases, consistent on the law and distinguishable on their facts, are not irreconcilable. *See Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (circuit precedent is implicitly overruled where intervening higher authority undercuts the underlying theory or reasoning, such that the cases are clearly irreconcilable); *accord Organic Cannabis Foundation, LLC v. Comm'r.*, 962 F.3d 1082, 1092-93 (9th Cir. 2020); *see also Close v. Sotheby's, Inc.,* 894 F.3d 1061, 1072-73 (9th Cir. 2018) (if a court can apply prior circuit precedent without running afoul of intervening authority, it must do so).

Of course, "overrulings by implication are disfavored, and, in the best of circumstances, a [court] ought not lightly presume the implicit overruling of an established circuit precedent." *United States v. Chhien*, 266 F.3d 1, 11 (1st Cir. 2001) (citing *Stewart v. Dutra Constr. Co.*, 230 F.3d 461, 467 (1st Cir. 2000)); *see also Cooper v. MRM Inv. Co.*, 367 F.3d 493, 507 (6th Cir. 2004) ("Implicit overrulings, however, are disfavored . . . . When possible, we will distinguish seemingly inconsistent decisions rather than find an overruling by implication."); *Mickens v. Taylor*, 240 F.3d 348, 359 (4th Cir. 2001) ("[O]verruling by implication is not favored."), *aff'd*, 535 U.S. 162 (2002); *SEIU Local 121RN v. Los Robles Reg'l Med. Ctr.*, No. 2:18-CV-03928-SVW-RAO, 2019 WL 1063389, at *10 (C.D. Cal. Jan. 15, 2019) ("Until the Ninth Circuit affirmatively answers the question of whether prior authority was implicitly overruled by intervening higher authority, the district court is constrained to apply binding Ninth Circuit precedent."); *Scheafnocker v. Comm'r of I.R.S.*, No. CIV S-05-2002 RRB EFB PS, 2008 WL 478009, at *2 (E.D. Cal. Feb. 19, 2008) (rejecting the implicit overruling of binding precedent where the intervening higher authority did not directly reach the issue considered in the prior precedent [i.e. equitable tolling in the context of a tax refund claim versus a wrongful levy claim] such that the context of the analysis was different). While there may arguably be some conceivable tension between the decisions in *Beeler* and *Smith*, that is an insufficient basis upon which to conclude that the former was implicitly overruled by the latter. *See Aleman Gonzalez v. Barr*, 955 F.3d 762, 768-69 (9th Cir. 2020); *United States v. Walker*, 953 F.3d 577, 581 (9th Cir. 2020).

Under respondent's interpretation of the decision in *Smith*, a petitioner faced with an ongoing extraordinary circumstance impeding completion of the federal petition either would need to: (i) prepare and timely file in federal court a shell (i.e. incomplete) petition, later move to amend it, and then seek relation back or equitable tolling on a claim by claim basis, or (ii) file an untimely federal petition that violates case scheduling orders and risk dismissal and imposition of sanctions. But neither equity nor the holding in *Smith* require that in all cases petitioner be bound to these options and the concomitant consumption of extremely scarce judicial resources. Indeed, in *Holland* the Supreme Court recognized that flexibility is inherent in equity in order to meet new situations that demand equitable intervention. *See* 560 U.S. at 650. Moreover, the Ninth Circuit in *Smith* acknowledged that equity is not meant to create blanket, prospective rules, but rather to address case specific circumstances.[6] *See* 953 F.3d at 590.

Despite the undersigned's recognition of *Beeler's* binding effect, the court is unpersuaded that, based on the facts and circumstances shown to date by petitioner's counsel, the extraordinary circumstances brought about by the COVID-19 pandemic have already rendered petitioner presently unable to file a complete federal habeas petition prior to "one year from the date that San Quentin State Prison removes restrictions on legal visiting and

---

[6] In addition to prior orders issued by the undersigned (*see Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968 (E.D. Cal. Aug. 13, 2020) and *Brown v. Davis,* No. 1:19-cv-01796-DAD, 2020 WL 5069654 (E.D. Cal. Aug. 27, 2020), at least three other district courts within the Ninth Circuit have addressed requests for prospective equitable tolling based on the impact of the COVID-19 pandemic following the decision in *Smith* and have reached different conclusions. In one of those cases, the motion for prospective equitable tolling was denied without prejudice and the petitioner was directed to file a shell petition which could later be amended (i.e. the same ruling respondent seeks here). *See Fitzgerald v. Shinn*, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at **4–5 (D. Ariz. June 22, 2020). In that case the court acknowledged the Ninth Circuit's holding in *Beeler* but concluded, without analysis, that the decision in *Smith* "implicitly rejects prospective tolling in this Circuit." 2020 WL 3414700, at *3. In contrast, two other district courts have granted motions for prospective equitable tolling in the wake of *Smith. See Maury v. Davis*, No. 2:12-cv-1043 WBS DB*,* 2020 WL 5880483, at *1 (E.D. Cal., 2020); *Dunn v. Baca*, No. 3:19-cv-00702-MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020) (recognizing that "the extraordinary circumstance of the COVID-19 pandemic is ongoing, and at the moment it is preventing [petitioner] from filing a timely amended petition."). For the reasons explained above, the undersigned concludes that the decision in *Beeler* remains binding precedent in this circuit.

California's stay-at-home order, issued on March 19, 2020, is lifted[,]" notwithstanding the continued exercise of reasonable diligence by counsel. (Doc. No. 15 at 2, 5-9; *see also* Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254 [regarding contents of the petition for habeas corpus].)

Petitioner's arguments in support of open-ended equitable tolling beyond March 31, 2021 are, in this case, conclusory and speculative. Petitioner argues that "[u]nder present conditions there is no possible way [he] can file a complete federal petition on March 31, 2021." (Doc. No. 20 at 11.) Petitioner argues that "all indications are that the pandemic will continue to get worse before it gets better." (Doc. No. 20 at 11.) Petitioner argues that "[he] essentially cannot begin work on his petition until the pandemic resolves…." (*Id.*)

The "exercise of a court's equity powers must be made on a case-by-case basis." *Holland*, 560 U.S. at 649–50. Moreover, the petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015); *accord Milam*, 953 F.3d at 1132.

The court has granted case specific prospective equitable tolling on grounds that the COVID-19 pandemic, in its present form, has presented an extraordinary circumstance that impeded timely filing of a complete federal habeas petition. *See Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968, at \*\*5-6 (E.D. Cal. Aug. 13, 2020); *Brown v. Davis*, No. 1:19-CV-01796-DAD, 2020 WL 5069654, at \*\* 7-8 (E.D. Cal. Aug. 27, 2020). However, here, petitioner has simply not yet demonstrated that notwithstanding continuing reasonable diligence, the COVID-19 pandemic makes it unlikely the federal petition can be completed and filed prior to "one year from the date that San Quentin State Prison removes restrictions on legal visiting and California's stay-at-home order, issued on March 19, 2020, is lifted[.]" (Doc. No. 15 at 2; *see Grant*, 862 F.3d at 918.

Petitioner presents no case specific facts regarding work on the federal petition that has been accomplished; work that has yet to be accomplished; and the ongoing and specific COVID-19 impediments that prevent preparation and filing of a complete petition earlier than the requested open-ended tolling deadline, despite the exercise of reasonably diligent efforts.

*See e.g., Dennis,* 65 F.Supp.2d at 1097 n.5 (rejecting an equitable tolling claim due to "lack of specific, particularized facts which would make equitable tolling appropriate"); *Jurado v. Wong,* 2009 WL 3320494, at *7 (S.D. Cal. Oct.14, 2009) (the court considered petitioner's showing of the work to be done to complete a comprehensive federal petition and thereupon equitably tolled for only a portion of the time consumed by the extraordinary circumstance); *Bunyard,* 2016 WL 128429, at *6 (equitable tolling for full duration of exceptional circumstance denied where petitioner made no particularized showing that the portions of the record they lacked were so crucial that nothing else could be done until they were reviewed). Respondent's failure to address the *Holland* factors (*see* Doc. No. 19), and the seemingly complex and voluminous record lodged in this case (*see* Doc. No. 20 at 4; Doc. Nos. 16-18) are not alone a basis to conclude otherwise.

While an attorney's assistance in that endeavor is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims, *McFarland*, 512 U.S. at 855-57, AEDPA does not necessarily entitle petitioner to one full year of attorney assisted preparation. *See Kayer v. Schriro*, No. CV 07-2120-PHX-DGC, 2007 WL 4150213, at *2 (D. Ariz. Nov. 19, 2007) ("The Court declines to find, as a general rule, that an adequate petition requires one year of preparation simply because the AEDPA provides that time period as a statute of limitations.") (citing *Dennis,* 65 F.Supp.2d at 1097 n.5).

Additionally, in this case petitioner has not addressed the possible prejudice to respondent's ability to oppose challenges raised to the underlying 1998 judgment of conviction arising from the passage of time during the requested open-ended tolling. The AEDPA's acknowledged purpose of "reduc[ing] delays in the execution of state and federal criminal sentences." *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) (citing *Garceau,* 538 U.S. at 206)); *see also Carey v. Saffold,* 536 U.S. 214, 226 (2002) (statutory purpose of limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."); *Welch v. Carey,* 350 F.3d 1079, 1083 (9th Cir.2003).

/////

////

Accordingly, the pending motion for equitable tolling (Doc. No. 15) is granted-in-part. Petitioner shall file his federal habeas petition on or before March 31, 2021. The motion is otherwise denied without prejudice to its renewal at a later time based upon a more complete and tangible showing.

IT IS SO ORDERED.

Dated:   **October 7, 2020**                           /s/ Dale A. Drozd
                                                     UNITED STATES DISTRICT JUDGE