UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN McWHORTER,<br><br>Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No.  1:20-cv-00215-NONE<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING FURTHER EQUITABLE TOLLING TO AND INCLUDING SEPTEMBER 27, 2021 |

On March 3, 2021, counsel on behalf of petitioner Richard Allen McWhorter moved to equitably toll the applicable statute of limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition in this action.  The motion, petitioner's second, requests that the current as tolled petition filing deadline of March 31, 2021, be further equitably tolled to and including September 27, 2021.

Respondent Warden Ronald Davis, through counsel, timely filed his response to the motion on March 16, 2021.  Petitioner timely filed a reply in support of the motion on March 18, 2021.  No hearing date has been set and the court finds that none is required.  The matter is deemed submitted for a decision.  (*See* Doc. No. 24.)

Having considered the pleadings and the record, the court will grant petitioner's motion for further equitable tolling of the applicable statute of limitations to and including September 27, 2021, for the reasons explained below.

1

BACKGROUND

On March 2, 1998, petitioner was convicted of two first degree murders and first degree residential robbery, with the special circumstances of multiple-murder and robbery-murder, and was sentenced to death.  *See* Kern County Superior Court Case No. 65352A.

On August 6, 2009, the California Supreme Court affirmed petitioner's judgment of conviction and sentence on automatic appeal.  *People v. Richard Allen McWhorter*, 47 Cal. 4th 318 (2009).  On October 4, 2010, the United States Supreme Court denied certiorari.  *Richard Allen McWhorter v. California,* 562 U.S. 844 (2010).

On January 22, 2020, the California Supreme Court summarily denied petitioner's habeas corpus petition.  *In re McWhorter,* Case No. S180404.

On February 11, 2020, petitioner commenced this federal habeas proceeding pursuant to 28 U.S.C. § 2254.

On July 24, 2020, respondent lodged the record with this court.

On October 7, 2020, the court granted petitioner's first motion to equitably toll the applicable limitations deadline under 28 U.S.C. § 2244 from January 22, 2021 to and including March 31, 2021 due to the delay in appointment of federal habeas counsel, and denied further equitable tolling due to impacts of the COVID-19 pandemic without prejudice to a renewal of the motion for equitable tolling on that ground at a later time based upon a more complete and tangible showing.  (Doc. No. 22 at 15.)

DISCUSSION

Petitioner now argues that notwithstanding continuing diligent efforts by his defense team in the areas of obtaining, organizing and reviewing state and non-core records, locating witness and preparing to interview them, communicating by mail with petitioner, and preparing a protective federal habeas petition, the extraordinary circumstances posed by the ongoing COVID-19 pandemic have and will impede the investigation, development and presentation of his federal habeas petition for an additional one hundred-eighty (180) days.  (Doc. No. 23 at 3-10; Doc. No. 27-1 at 2-6.)  He argues particularly that development of potential claims relating to ineffective assistance of counsel at the guilt and penalty phases of his trial and claims reliant

2

upon mental state and mitigation evidence is being impeded by the lack of in-person access to, and expert evaluation of petitioner. (Doc. No. 23 at 5-10; Doc. No. 23-1 at 1-2; Doc. No. 27 at 3-4; Doc. No. 27-1 at 3-5.) Petitioner points to the ongoing COVID-19 state of emergency in California and the accompanying restrictions upon prison visits, access to and discovery of public and private records and information, travel, in-person meetings and interviews with petitioner and witnesses, and expert services retention and consultation. (*See Id.*) Relatedly, petitioner notes that counsel in this case have not yet been vaccinated against COVID-19. (Doc. No. 27-1 at 5-6.)

Respondent opposes further equitable tolling of the applicable limitations period. He reasserts argument, previously considered and rejected by the court, that prospective equitable tolling is unavailable in the Ninth Circuit following the decision in *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (*en banc*), rendering the pending motion premature. (Doc. No. 26 at 1-2.) Respondent does not otherwise oppose the motion, stating that:

> In the event that this Court again rejects Respondent's argument, then based on the ongoing COVID-19 pandemic, the information set forth in Petition's motion (Dkt. 23), and counsel's declaration (Dkt. 23-1), Respondent does not oppose equitable tolling for a period of 180 days, commencing on March 31, 2020, with regard to any claims not already barred by the statute of limitations. *See* 28 U.S.C. § 2244.

(Doc. No. 26 at 2.)

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), *partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other*

*grounds by Woodford v. Garceau*, 538 U.S. 202 (2003).

In addition, there must be a causal link between the extraordinary circumstance and the petitioner's inability to timely file the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). A literal impossibility to file, however, is not required. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (acknowledging that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances). Among the factors that courts have considered as relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at *4–5 (S.D. Cal. Feb. 16, 2010).

Here, the court finds that at this point in time and on the facts and evidence now before it, the noted extraordinary circumstances arising from the ongoing COVID-19 pandemic make the filing of a complete federal habeas petition extremely unlikely, if not impossible, for another one hundred eighty (180) days, notwithstanding the existing and anticipated exercise of reasonable diligence from petitioner's defense team.

As was the case with respect to the prior equitable tolling motion in this case, respondent does not argue the *Holland* factors in the context of facts before the court. Indeed, at least implicitly, respondent appears to concede that: (i) petitioner has been reasonably

4

diligent, and (ii) the COVID-19 pandemic is an ongoing extraordinary circumstance.

The court declines respondent's invitation to reconsider its prior ruling rejecting his argument that prospective equitable tolling is unavailable as a matter of law.  Respondent provides no legal or factual basis for reconsideration of this court's prior order addressing and rejecting that contention.  Nor does respondent suggest he would suffer any prejudice should the requested relief be granted.  The court finds no reason to believe that respondent would suffer any prejudice from the one hundred eighty (180) day delay in the filing of the petition sought by petitioner's counsel here.  Nothing before the court suggests any significant impact upon the ability of respondent to oppose any challenges raised by petitioner to his underlying 1998 judgment of conviction.

The court previously observed that this case involves complex issues and a voluminous record suggesting that an extensive investigation is required of the defense team.  (Doc. No. 22 at 5.)  Particularly, the court observed the record lodged in this federal habeas action spans 12,775 pages, including the 232 page appellate opening brief asserting 14 claims for relief including subclaims; the California Supreme Court's 81 page reasoned opinion affirming petitioner's judgment of conviction and sentence as modified on automatic appeal; and the 376 page state habeas corpus petition (amended) asserting 17 claims for relief including subclaims and supported by 79 exhibits totaling 774 pages.  (*Id.* at 5-6.)

The court concludes the exceptional and extraordinary circumstances of the COVID- 19 pandemic continue to impede petitioner's right to the assistance of appointed habeas counsel in preparing his federal petition. 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855-57 (1994) (given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims); *McCleskey v. Zant*, 499 U.S. 467, 498 (1991) (in the pre-AEDPA context, stating that "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."), *superseded by statute as recognized in Banister v. Davis*, __U.S.__, 140 S. Ct. 1698, 1707 (2020).

For all of these reasons, the court can say at this time with certainty that in light of the exceptional and extraordinary circumstances recognized above, were a motion for equitable tolling to accompany a federal habeas petition filed on September 27, 2021, the court would grant it.

Accordingly, petitioner's second motion for equitable tolling (Doc. No. 23) is granted. Petitioner shall file his federal habeas petition on or before September 27, 2021.

IT IS SO ORDERED.

Dated:   **March 24, 2021**                                   /s/ Dale A. Drozd
                                                              UNITED STATES DISTRICT JUDGE