1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD ALLEN McWHORTER,               Case No.  1:20-cv-00215-NONE

12              Petitioner,                  DEATH PENALTY CASE

13        v.                                 ORDER GRANTING EQUITABLE
                                             TOLLING TO AND INCLUDING
14   RONALD DAVIS, Warden of California State   JANUARY 31, 2022, and DENYING
     Prison at San Quentin,                  WITHOUT PREJUDICE FURTHER
15                                           EQUITABLE TOLLING
              Respondent.
16

17

18

19        On September 15, 2021, petitioner Richard Allen McWhorter moved through appointed

20   counsel, Saor Stetler and Kresta Daly, to equitably toll the statute of limitations deadline under

21   28 U.S.C. § 2244 for the filing of his federal habeas petition in this action.  The motion,

22   petitioner's third, requests that the current as tolled petition filing deadline of September 27,

23   2021, be further equitably tolled to and including March 28, 2022.

24        Respondent Warden Ronald Davis, through counsel, Deputy Attorney General Brook

25   Bennigson, timely filed his response to the motion on October 13, 2021.  Petitioner timely filed

26   a reply in support of the motion on October 20, 2021.  The matter is deemed submitted for a

27   decision.  (*See* Doc. No. 30 at 2.)

28   /////

                                             1

1      Having considered the pleadings and the record, the court will grant-in-part petitioner's

2  motion for further equitable tolling of the applicable statute of limitations, to and including

3  January 31, 2022, without prejudice to a motion for further equitable tolling based upon

4  specific impacts of the COVID-19 pandemic under the facts and circumstances of this case, as

5  explained below.

6                            BACKGROUND

7      On February 26, 1998, petitioner was convicted of two first degree murders and first

8  degree residential robbery, with special circumstances of multiple-murder and robbery-murder

9  found true, and sentenced to death.  Kern County Superior Court Case No. 65352A.

10      On August 6, 2009, the California Supreme Court affirmed petitioner's judgment of

11  conviction and sentence on automatic appeal.  *People v. Richard Allen McWhorter*, 47 Cal. 4th

12  318 (2009), *rehearing denied October 14, 2009, as modified October 14, 2009*.  On October 4,

13  2010, the United States Supreme Court denied certiorari.  *Richard Allen McWhorter v.*

14  *California,* 562 U.S. 844.

15      On January 22, 2020, the California Supreme Court summarily denied petitioner's

16  habeas corpus petition.  *In re McWhorter,* Case No. S180404.

17      On February 11, 2020, petitioner began this federal habeas proceeding pursuant to 28

18  U.S.C. § 2254.

19      On March 30, 2020, counsel were appointed to represented petitioner in this

20  proceeding.

21      On July 24, 2020, respondent lodged the record.

22      On October 7, 2020, the court granted petitioner's motion to equitably toll the

23  limitations deadline under 28 U.S.C. § 2244 from January 22, 2021 to and including March 31,

24  2021 due to the delay in appointment of federal habeas counsel, and denied further equitable

25  tolling due to impacts of the COVID-19 pandemic without prejudice to renewal at a later time

26  based upon a more complete and tangible showing.

27      On March 24, 2021, the court granted petitioner's motion to further equitably toll the

28  28 U.S.C. § 2244 deadline to September 27, 2021, due to the exceptional and extraordinary

circumstances of the COVID-19 pandemic then before it, impeding petitioner's right to the assistance of appointed habeas counsel in preparing his federal petition.

On October 22, 2021, petitioner filed in this proceeding a 297-page petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, stating 22 record-based claims.

DISCUSSION

Petitioner argues that notwithstanding counsel's diligent efforts, available COVID-19 vaccines, and federal, state and institutional guidelines and protocols for COVID-19 re-opening,[1] the impacts of the continuing pandemic leave counsel unable to safely and reasonably investigate, develop, and present a complete federal habeas petition, prior to the requested as-tolled filing deadline date of March 28, 2022.  (Doc. No. 29 at 6-11; *see also* Doc. Nos. 29-1, 29-2, 29-3; Doc. No. 33 at 2-21.)  Particularly, petitioner argues that his counsel's investigation and development of potential new claims of ineffective assistance of trial counsel and related mental state and mitigation evidence has been, and continues to be, impeded by COVID-19 related limitations on necessary in-person, confidential, unmasked, contact visits with petitioner, experts and lay witnesses; collection and review of unspecified records and evidence; and assembly of the defense team.  (*See* generally Doc. No. 29 at 3-11; Doc. No. 29-2 at 4-5; Doc. No. 33 at 2; *see also* Doc. Nos. 29-1 & 29-3.)  These impediments are exacerbated, petitioner argues, by his trial counsel's inadequate mitigation investigation.  (Doc. No. 29 at 11.)

For example, petitioner states that post-pandemic, San Quentin State Prison has allowed in-person "contact" visits only since July of this year, and that during that month his counsel was able to make their one and only visit with him.  (Doc. No. 33 at 15.)  He also states that

---

[1]  *See generally* Doc. No. 29-3 at 2 n.1 citing Interim Public Health Recommendations for Fully Vaccinated People, Centers For Disease Control And Prevention, July 28, 2021; *Id.* at 10 n.24 citing Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, June 9, 2021; Doc. No. 29-1 at 27 n.125 citing California Department of Corrections and Rehabilitation, COVID-19 Response Efforts (accessed July 29, 2021); Doc. No. 31-1 at 2-3, 5, and Doc. No. 31-5, citing the California Department of Corrections and Rehabilitation "Roadmap to Reopening" plan (which includes consideration of visitor vaccination status and COVID-19 testing, masking, and social distancing).

San Quentin staff cancelled counsel's scheduled August 26, 2021 visit with him due to a COVID-19 surge at the prison.  (Doc. No. 29 at 4, citing Doc. No. 29-2 at 3; *see also* Doc. No. 33 at 15.)  He asserts that the vaccination rate among guards and non-healthcare staff at San Quentin has lagged behind that of inmates, and that masking protocols are not consistently followed at the prison.  (Doc. No. 33 at 3-5.)  Petitioner claims that less than 60% of California's total population has been vaccinated, and COVID-19 surges continue to occur in Fresno and Kern Counties where the field investigation with respect to this habeas proceeding will be focused.  (Doc. No. 29 at 5-6, 8, citing Doc. No. 29-3 at 15; *see also* Doc. No. 33 at 2, 16-19.)  He also states that as a result of the pandemic, his co-counsel Daly has been required to devote more time than normal to childcare.  (Doc. No. 29 at 10-11; Doc. No. 29-2 at 4.)

Petitioner maintains that even in the face of such ongoing adversity, his counsel has been diligent.  He states that counsel has and continues to assemble, organize, and review core and non-core record gathered so far.  (Doc. No. 29 at 6; Doc. No. 29-2 at 3; Doc. No. 33 at 9.)  He states that, in addition to the above noted visit, counsel has and continues to communicate with him non-confidentially by mail and phone.  (Doc. No. 29 at 6; Doc. No. 29-2 at 3-4; Doc. No. 33 at 15.)  He points to counsel's preparation of a protective federal habeas petition, based upon currently known claims, filed in this proceeding on October 22, 2021.[2]  (Doc. No. 29 at 6.)  He points to counsel's research of potential experts, and creation of a preliminary mitigation plan.  (Doc. No. 33 at 16.)

Notwithstanding such diligence, petitioner states that safe and competent in-person field investigation by the defense team cannot be accomplished while social distancing and masking remain necessary.  (Doc. No. 29 at 8, citing Doc. No. 29-3 at 11, 15; *see also* Doc. No. 29-3 at 3 n.3 and 4 n.4, and Doc. No. 33 at 8-14, citing ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases and Supplemental Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases [collectively "ABA Guidelines"] (requiring a thorough and independent investigation of guilt and penalty phase issues).)

---

[2] *See* Doc. No. 34.

1          Respondent opposes further equitable tolling of the section § 2244 petition filing

2   deadline on grounds COVID-19 no longer presents an extraordinary circumstance impeding

3   preparation of a complete federal petition in this case, and contending that petitioner has not

4   diligently pursued preparation of his federal petition since this matter was last before the court

5   in March of this year.[3]  (Doc. No. 31 at 2.)  Respondent argues that COVID-19 vaccines, safety

6   guidelines and protocols have markedly eased the previously exceptional COVID-19 related

7   restrictions and impediments.  (*Id.*)  He also states that vaccines have been widely administered

8   to 71.5% of California residents and 89% of the inmates at San Quentin.  (*Id.* at  4.)

9   Respondent asserts there has been a government sanctioned reopening of society, courts,

10  schools, and institutions, consistent with COVID-19 safety guidelines and protocols.  (*Id.* at  4-

11  6.)  He states that confidential legal calls and in-person visits have been available at San

12  Quentin since at least January 2021, except during the period of August 14-31, 2021, and that

13  confidential in-person contact visits of up to six hours in length have been available at that

14  prison since September 13, 2021, including for purposes of administering psychological

15  testing.  (*Id.* at 3-10; *see also* Doc. Nos. 31-1, 31-2, 31-3, 31-4, 31-5; Penal Code § 5058.7.)[4]

16         Respondent argues that notwithstanding the improving pandemic circumstances, and

17  apart from the above noted single prison visit by petitioner's counsel with their client this past

18  July, petitioner has not demonstrated that he has diligently pursued the preparation and filing of

19  his federal habeas petition.  (Doc. No. 31 at 6-10.)  Respondent contends that the continuing

20  impediments caused by COVID-19 upon which petitioner bases his pending motion are

21  unsupported; that petitioner provides no facts whether he, his counsel, the defense team, and

22  proposed lay and expert witnesses have been vaccinated, or the specific extent to which any of

23  these individuals might be at increased risk of contracting and suffering from COVID-19 at

24  this time.  (*Id.*)  Respondent states that ABA Guidelines and commentary from the capital

25  ───────────────

26  [3] The court declines respondent's invitation to reconsider its prior ruling that prospective
    equitable tolling is available in this Circuit, for the reasons previously stated. (*See* Doc. No. 22
    at 8-12; Doc. No. 28 at 5.) In any event, tolling in this case is no longer prospective given
27  petitioner's untimely federal petition filed October 22, 2021 (Doc. No. 34).

28  [4] Reference to state law in this order is to California law.

defense community, relied upon by petitioner, are not binding or persuasive authority and do not support petitioner's claim that necessary field investigation cannot be safely and adequately undertaken in light of current circumstances.  (*Id.* at 9 & n.6.)  Respondent asserts that the extent of any ongoing impediment arising from co-counsel's childcare responsibilities, and its impact on petitioner's other counsel, is at best scantly supported by anything presented to this court.  (*Id.* at 10.)

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control made it impossible to file a petition on time), *partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition.  *See Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness.").  A literal impossibility to file, however, is not required.  *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (acknowledging that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly.  *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th Cir. 2017).  It may be appropriate where external forces, rather than a petitioner's lack of

1   diligence, account for the failure to file a timely claim.  *Miles v. Prunty*, 187 F.3d 1104, 1107

2   (9th Cir. 1999); *see also Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required

3   is what a reasonable person might be expected to deliver under his or her particular

4   circumstances).  Among the factors that courts have considered relevant in deciding whether

5   equitable tolling of the limitations period is appropriate are the complexity of the legal

6   proceedings and whether the state would suffer prejudice from the delay.  *Hoyos v. Wong*, Case

7   No. 09-cv-0388 L (NLS), 2010 WL 596443, at *4-5 (S.D. Cal. Feb. 16, 2010).

8          Here, the court finds that at this point in time, based on the facts and evidence now

9   before it, petitioner has demonstrated that notwithstanding counsel's ongoing reasonable

10  diligence, exceptional circumstances raised by the ongoing COVID-19 pandemic continue to

11  impede the investigation, development, and presentation of a complete federal habeas petition

12  prior to January 31, 2022.  Petitioner has made a sufficient showing of counsel's diligence in

13  the face of the ongoing pandemic.  *See Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012)

14  (citing *Holland*, 560 U.S. at 653) ("The diligence required for equitable tolling purposes is

15  reasonable diligence, not maximum feasible diligence.").  For example, petitioner's counsel

16  has assembled and reviewed available portions of the core and non-core record.  Counsel has

17  researched, prepared, and filed a protective federal habeas petition, stating 22 claims

18  previously adjudicated in state court.  Counsel has communicated with petitioner and visited

19  him once; a second visit was canceled by officials at San Quentin State Prison due to a

20  COVID-19 outbreak at that institution.  Counsel has researched and formulated a mitigation

21  plan in relation to possible new claims in this proceeding.  Counsel has also considered the

22  necessity of potential expert and lay mitigation evidence and assessed and weighed pandemic

23  related impediments to accessing such evidence.

24         Additionally, petitioner has made a sufficient showing that notwithstanding available

25  COVID-19 vaccines, safety guidelines and protocols, the exceptional circumstances raised by

26  the ongoing COVID-19 pandemic present varying and somewhat cyclical impediments to a

27  constitutionally adequate mitigation investigation and development and presentation of new

28  claims, through January 31, 2022.  For example, petitioner's counsel points to COVID-19

1   related delay in confidential contact visits with and expert examination of petitioner.  Counsel

2   suggests COVID-19 related delay in confidential and sufficient interviews with potential lay

3   and expert mitigation witnesses, varying based upon demographic, health, and vaccination

4   status of the particular witnesses and the defense team members involved in those interviews.

5        Relatedly, the court again observes the size and complexity of this capital habeas case,

6   the extent of the mitigation investigation to be conducted, and respondent's apparent

7   concession that he would not be prejudiced by further equitable tolling.  (*See* Doc. No. 28 at 5.)

8   Notably, respondent does not even suggest that he would suffer any prejudice should the

9   requested relief be granted.  The court finds no reason to believe the relief granted by this order

10  would have a significant impact upon respondent's ability to oppose any challenges raised by

11  petitioner to his underlying 1998 judgment of conviction.

12        Nonetheless, petitioner has not demonstrated based on the evidence now before the

13  court (and reasonable inferences drawn therefrom) that despite the continuing exercise of

14  reasonable diligence, along with the available COVID-19 vaccines, guidelines and protocols,

15  the circumstances posed by the ongoing pandemic entitles him to equitable tolling beyond

16  January 31, 2022.  Significantly, it appears that confidential in-person contact visits are now

17  available at San Quentin where, according to materials proffered by petitioner in support of his

18  motion,[5] COVID-19 has been virtually eliminated at this time  (Doc. No. 33 at 182, 223) and

19  does not pose a current substantial risk of serious harm (*id.* at 213).  Petitioner's materials

20  suggest the *status quo* at San Quentin is a permanent state, i.e., the "new normal."  (*Id.* at 179.)

21        Furthermore, petitioner has not yet made a sufficient showing that any necessary

22  investigation, including in-person interviews and examinations, cannot safely and adequately

23  take place in a manner consistent with COVID-19 guidelines, policies and protocols.  *See e.g.,*

24  *Jurado v. Wong,* No. 08-cv-1400 JLS (JMA) 2009 WL 3320494, at *7 (S.D. Cal. Oct.14, 2009)

25  (the court considered petitioner's showing of the work to be done to complete a comprehensive

26  federal petition and thereupon equitably tolled for only a portion of the time consumed by the

27

28  _____

[5]  Petitioner cites to a Tentative Ruling in San Quentin Consolidated Writ Proceeding Groups
1-3 issued by the Marin County Superior Court on October 15, 2021.

1    extraordinary circumstance); *Bunyard v. Davis*, No. 2:15-cv-01790 WBS AC DP, 2016 WL

2    128429, at *6 (E.D. Cal. Jan. 12, 2016) (equitable tolling for the full duration of exceptional

3    circumstance denied where the petitioner made no particularized showing that the portions of

4    the record they lacked were so crucial that nothing else could be done until they were

5    reviewed).  Petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling,

6    lest the exceptions swallow the rule." *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015);

7    *accord Milam v. Harrington*, 953 F.3d 1128, 1132 (2020) (citing *Miranda v. Castro*, 292 F.3d

8    1063, 1065 (9th Cir. 2002)) (the petitioner "bears the burden of showing that this extraordinary

9    exclusion should apply to him.").

10          Here, the court concludes the extraordinary circumstances of the ongoing COVID- 19

11   pandemic will likely continue to impede petitioner's right to the assistance of appointed habeas

12   counsel in preparing a complete federal petition, to and including January 31, 2022.  18 U.S.C.

13   § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855-57 (1994) (given the complex nature of

14   capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance

15   in preparing a federal habeas corpus petition is crucial and includes a right for that counsel

16   meaningfully to research and present a defendant's claims); *McCleskey v. Zant*, 499 U.S. 467,

17   498 (1991) (in the pre-AEDPA context, stating that "petitioner must conduct a reasonable and

18   diligent investigation aimed at including all relevant claims and grounds for relief in the first

19   federal habeas petition."), *superseded by statute as recognized in Banister v. Davis*, __U.S.__,

20   140 S. Ct. 1698, 1707 (2020).

21          Accordingly, petitioner's third motion for equitable tolling (Doc. No. 29) will be

22   granted, but only in-part.  Petitioner shall file his first amended petition for writ of habeas

23   corpus on or before January 31, 2022.  Petitioner's pending request to extend equitable tolling

24   at this time to March 28, 2022, will be denied without prejudice to further equitable tolling

25   based upon a showing supported by evidence of the specific impacts of the ongoing, and often

26   /////

27   /////

28   /////

changing, COVID-19 pandemic on the ability of counsel to file the first amended petition in this habeas action by January 31, 2022.

IT IS SO ORDERED.

Dated:   **November 30, 2021**

UNITED STATES DISTRICT JUDGE