UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN McWHORTER,<br><br>  Petitioner,<br><br>  v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>  Respondent.[1] | Case No.  1:20-cv-00215-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING FURTHER EQUITABLE TOLLING TO AND INCLUDING AUGUST 1, 2022 |

On January 31, 2022, petitioner Richard Allen McWhorter, through appointed counsel Saor Stetler and Kresta Daly, moved to equitably toll the limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition in this action. The motion, petitioner's fourth, requests that the current, as tolled, petition filing deadline of January 31, 2022, be further equitably tolled to and including August 1, 2022, due to continuing extraordinary circumstances raised by the COVID-19 pandemic.

On February 14, 2022, respondent Warden Ronald Davis, through counsel, Deputy Attorney General Brook Bennigson, timely filed his response to the motion. On February 21, 2022, petitioner timely filed a reply in support of the motion. No hearing date has been set and the court finds that none is required. The matter is deemed submitted for a decision.[2]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as respondent in place of his predecessor wardens.

[2] *See* Doc. 41; *see also* Doc. 38 at 1 n.1.

1

Having considered the pleadings, the record, and matters judicially noticed, the court **GRANTS** petitioner's motion for further equitable tolling of the applicable statute of limitations to and including August 1, 2022, as explained below.

I.  **BACKGROUND**

On February 26, 1998, petitioner was convicted of two counts of first degree murders and first degree residential robbery. The special circumstances of multiple-murder and robbery-murder, were found true, and he was sentenced to death. *People v. Richard Allen McWhorter*, Kern County Superior Court Case No. 65352A.

On August 6, 2009, the California Supreme Court affirmed petitioner's judgment of conviction and sentence on automatic appeal. *People v. Richard Allen McWhorter*, 47 Cal. 4th 318 (2009), *rehearing denied October 14, 2009, as modified October 14, 2009*. On October 4, 2010, the United States Supreme Court denied certiorari. *Richard Allen McWhorter v. California,* 562 U.S. 844 (2010).

On January 22, 2020, the California Supreme Court summarily denied petitioner's habeas corpus petition. *In re McWhorter,* Cal. Case No. S180404.

On February 11, 2020, petitioner began this federal habeas proceeding pursuant to 28 U.S.C. § 2254.

On March 30, 2020, counsel were appointed to represented petitioner in this proceeding, pursuant to the Criminal Justice Act. (Doc. 9, citing 18 U.S.C. § 3599.)

On July 24, 2020, respondent lodged the record.

On October 7, 2020, the court granted petitioner's motion to equitably toll the limitations deadline under 28 U.S.C. § 2244 from January 22, 2021, to and including March 31, 2021, due to the delay in appointment of federal habeas counsel.

On March 24, 2021, the court granted petitioner's motion to further equitably toll the 28 U.S.C. § 2244 deadline to September 27, 2021, due to the exceptional and extraordinary circumstances of the COVID-19 pandemic then before it, impeding petitioner's right to the assistance of appointed habeas counsel in preparing his federal petition.

On October 22, 2021, petitioner filed in this proceeding a 297-page petition for writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, stating 22 record-based claims.

On November 30, 2021, the court granted petitioner's motion to further equitably toll the limitations deadline of 28 U.S.C. § 2244 to and including January 31, 2022, due to the exceptional and extraordinary circumstances of the COVID-19 pandemic then before it, impeding petitioner's right to the assistance of appointed habeas counsel in preparing his complete federal petition.

## II.   DISCUSSION

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), *partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Although there must be a causal link between the extraordinary circumstance and the inability to timely file the petition, a petitioner is not required to show the extraordinary circumstance made it literally impossible to file the petition on time. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so."). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings, and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at \*\*4, 5 (S.D. Cal. Feb. 16, 2010).

Equitable tolling is limited to rare and exceptional circumstances and typically applied

sparingly.  *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th Cir. 2017).  It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Holland*, 560 U.S. at 653 (equitable tolling requires reasonable diligence, not maximum feasible diligence); *Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances).

    Petitioner argues that the ongoing and periodically worsening COVID-19 pandemic is an extraordinary circumstance that continues to impede investigation, development, and presentation of potentially colorable new claims of ineffective assistance of trial counsel relating to forensic, mental state and mitigation evidence, prior to the requested as tolled date of August 1, 2022.  (Doc. 38 at 4-13; *see also* Doc. Nos. 38-1 – 38-2.)[3]  He argues that notwithstanding COVID-19 safety practices, vaccines, and boosters, the recent omicron variant surge and resultant restrictions and hesitancies has and will limit necessary in-person, confidential, unmasked, prison legal visits and witness interviews; collection and review of unspecified records and evidence; consultation with experts; and assembly of the defense team.  (*See* Doc. 38 at 4-13, citing American Bar Association, Guidelines For the Appointment and Performance of Defense Counsel in Death Penalty Cases, Guidelines 10.5, 10.7, and 10.11, 31 Hofstra L. Rev. 913 (2003), and Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases, Guideline 10.11, 36 HOFLR 763 (2008); Doc. 38-1 at 2-3, 9-11, 19-20; Doc. 38-2.)  For example, he argues this impedes investigation and development of potential new evidence and claims of ineffective assistance of trial counsel at the guilt and penalty phases.  (Doc. 38 at 11-14, citing *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.").)  He points to the higher risk of COVID-19 infection and illness raised by his advanced age and that of some

---

[3] All reference to page numbering is to CM/ECF system pagination.

potential witnesses.  (Doc. 38 at 9.)

   Petitioner argues that he and his counsel have diligently pursued his federal rights in the face of the COVID-19 pandemic and prison staff's intentional failure to follow COVID-19 safety protocols.  He points to counsel's filing in this proceeding of a protective petition containing claims exhausted in state court.  He points to counsel's continuing efforts toward gathering, organizing, and reviewing core and non-core records; corresponding with him non-confidentially by letter and over the phone; and visiting him in-person when safe and confidential legal visits have been allowed.  He underscores counsel's diligence by arguing his defense team has been frustrated in their attempt so access him due to San Quentin's January 6, 2022 COVID-19 modified program and its aftermath eliminating in-person visitation; and by custodial staff's failure to follow COVID-19 vaccination and safety protocols.  (*See* Doc. 38 at 4-14, citing Doc. 38-1; *see also* Doc. 40-4 at 9-23.)

   Petitioner argues that a safe and competent in-person field investigation by the defense team cannot be accomplished for the foreseeable future, until safe and regular prison legal visits are available, and social distancing and masking are no longer necessary.  (Doc. 38 at 9-13; *see also* Doc. 38-2 at ¶¶ 2, 15, 24, 31, 34.)  He argues that, should the court deny further equitable tolling, the noted impediments raised by the COVID-19 pandemic will prejudice his right to the effective assistance of present counsel in presentation of a complete federal habeas petition. (Doc. 38 at 7-14.)

   Respondent opposes further equitable tolling of the section § 2244 petition filing deadline.  He argues that COVID-19 presently is not an extraordinary circumstance preventing timely filing of a federal petition.  (Doc. 39 at 3-5.)  He points out that at San Quentin 91% of inmates and 80% of staff are vaccinated against COVID-19 and 82% of inmates have received booster shots; and within California, 74% of residents are fully vaccinated and 9% are partially vaccinated.  (*Id.*; *see also* Doc. 39-1 at 1.)  Likewise, he notes that the claimed impediments to in-person and other communication with unspecified potential witnesses and experts are unsubstantiated and belie the widespread availability of COVID-19 safety guidelines, policies and protocols.  (Doc. 39 at 7-8; *cf.* Doc. 40-4 at 6-23.)  He notes also out that the American Bar

1  Association Guidelines and Supplementary Guidelines, relied upon by petitioner as normative
2  of a constitutionally sufficient capital habeas investigation, are not binding on federal courts.
3  (Doc. 39 at 6, citing *Bobby v. Van Hook*, 558 U.S. 4, 8-9 (2009).)  He argues that record claims
4  may be presented without personal contact with petitioner.  (Doc. 39 at 4-7, citing 28 U.S.C. §
5  2254(d); *Ryan v. Gonzales*, 568 U.S. 57, 68) (2013) ("Attorneys are quite capable of reviewing
6  the state-court record, identifying legal errors, and marshaling relevant arguments, even
7  without their clients' assistance."); *Cullen v. Pinholster*, 563 U.S. 170, 181, 185 (2011)
8  ("[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review."); 28 U.S.C. §
9  2254(d)(1)(2).)

10  Respondent argues that petitioner has not been reasonably diligent during the COVID-
11  19 pandemic.  (Doc. 39 at 5-8.)   While conceding that in-person legal visits were restricted
12  due to COVID-19 during 2021 and have been unavailable in 2022 (*see* Doc. 39 at 3-4; *see also*
13  Doc. 39-1 at 1-2, 4-5), he argues that counsel failed to take advantage of opportunities for in-
14  person legal visitation consistent with COVID-19 safety protocols, and for confidential
15  communication with petitioner by phone and videoconference.  (*See* Doc. 39 at 6-7.)
16  Moreover, he argues that diligence is not demonstrated by attempted development of
17  unspecified non-record evidence and claims because unexhausted claims cannot be a basis for
18  federal habeas relief.  (Doc. 39 at 4, 6, citing 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S.
19  27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust
20  available state remedies[.]"); *Pinholster*, 563 U.S. at 181, 185; 28 U.S.C. § 2254(d)(1)(2).)

21  Petitioner replies that he is entitled to investigate, develop, and present a complete
22  federal habeas petition including colorable non-record evidence and claims, and that he has
23  been and is impeded by COVID-19 and its variants.  (Doc. 40 at 2-7, citing Doc. Nos.  40-1 –
24  40-4.)  Relatedly, he argues that his counsel, appointed by the court under the Criminal Justice
25  Act and the district's Criminal Justice Act implementation plan, are required to follow the
26  American Bar Association Guidelines and Supplementary Guidelines (Doc. 40 at 3-5, citing
27  Doc. 40-3 at 26), and that respondent's reliance upon *Bobby* as authority otherwise is
28  misplaced.  (Doc. 40 at 3-4, citing 558 U.S. at 7).  He observes that, contrary to respondent's

6

suggestion, he has already filed a protective petition containing claims exhausted in state court. He observes also that there are recent decisions in other cases within the district granting equitable tolling on grounds of continuing impacts from COVID-19 and its variants.  (Doc. 40 at 5-7, citing *Contreras v. Davis*, EDCA Case No. 1:19-cv-01523-AWI-SAB, Doc. 92; *Brown v. Davis*, EDCA Case No. 1:19-c[v]-1796-DAD, Doc. 37.)

The court finds that, at this time and on the facts and evidence now before it, continuing extraordinary circumstances from COVID-19 and its variants make the investigation, development, and presentation of a complete federal habeas petition extremely unlikely, if not impossible, prior to the requested as tolled date, notwithstanding the existing and anticipated exercise of reasonable diligence by petitioner and his counsel.[4]

Since this matter was last before the court, the relative risk of COVID-19 infection and illness presented by in-person contact with petitioner, witnesses and experts, and related travel and personal interaction trended significantly upward and remains concerning notwithstanding recent improvement.  The court takes notice of:

> The relative rise in COVID-19 cases and deaths, and variant proportions, nationally, within California, and within Marin, Fresno and Kern Counties. *See* https://covid.cdc.gov/covid-data-tracker/#trends [dailycases] [dailydeaths] [variant-proportions] [county-view], (last visited March 3, 2022); https://covid19.ca.gov/state-dashboard/ [#location – Marin – Fresno – Kern] (last visited March 3, 2022).
>
> Areas of continued high COVID-19 transmission within the California counties of Marin, Fresno, and Kern, which are the focus of the defense field investigation.  *See* https://covid.cdc.gov/covid-data-tracker/#county-view? List select state=all states&list_select_county=all_counties&data-type=Risk (last visited March 3, 2022).

---

[4] The court declines respondent's invitation to revisit its previous determination that petitioner may seek equitable tolling to develop additional claims. (*See* Doc. 36 at 7-8; *see also* Rules Governing § 2254 Cases, Rules 2, 28 U.S.C.A. foll. § 2254; *Ayestas v. Davis*, 138 S. Ct. 1080, 1094 (2018) (proper application of the "reasonably necessary" standard of 18 U.S.C. § 3599(f) requires courts to consider the potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way); *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (petitioner, in limited instances, may file a federal mixed petition for state exhaustion); *In re Friend*, 11 Cal. 5th 720, 731 (2021) (a claim will not be barred as successive if the petitioner offers adequate justification for the failure to present the particular claim in an earlier petition); *cf. Smith v. Davis*, 953 F.3d 582, 601 (when a petitioner acts diligently to prepare a habeas petition, it matters not if he recycles arguments previously made by counsel to state courts).

1  The 2022 COVID-19 modified program and current phased reopening at San
2  Quentin (where petitioner lives) excluding all death row in-person visitors
   during the period January 9, 2022, to at least March 3, 2022. *See*
3  https://www.cdcr.ca.gov/visitors/visiting-status/ (last visited March 3, 2022);
   (*see also* Doc. 39-1 at 1-2.)

4  Fed. R. Evid. 201(b).

5  Petitioner has shown that the extraordinary ongoing ebb and flow of safety restrictions
6  and practices, and heightened concern and hesitance over transmissibility and illness from
7  COVID-19 and its variants, have impeded the defense team's investigation and development of
8  non-record evidence and potentially colorable claims. For example, the record before the court
9  and matters judicially noticed suggest that during the recent omicron surge and its aftermath,
10 the defense team has been delayed or denied in the ability to have prison visits, to assemble
11 and discover relevant records, to access lay witnesses and testimony, and to examine analysis,
12 and opinion work by forensic and mental health experts. Even if the recent omicron surge
13 continues to flatten, the time reasonably necessary to marshal and develop investigative facts
14 and to provide them to forensic and mental health experts for their examination and opinion,
15 already has been lost, and the post-surge recovery period presents additional delay. (*See, e.g.*,
16 Doc. 38 at 6-13.)

17 Also, petitioner has shown, at least inferentially, his counsel's continuing and
18 anticipated reasonable diligence in pursuing his federal claims notwithstanding COVID-19 and
19 its variants. (*Id.*); *see also Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) (citing
20 *Holland*, 560 U.S. at 653) ("The diligence required for equitable tolling purposes is reasonable
21 diligence, not maximum feasible diligence."). It appears that petitioner's counsel continue
22 their reasonable efforts, previously observed by the court, assembling and reviewing available
23 portions of the core and non-core record; communicating with petitioner by available means;
24 and researching and formulating a mitigation plan that considers COVID-19 and its variants,
25 and allows for development of new evidence including lay and expert opinion and potentially
26 colorable claims in mitigation, additional to the claims asserted in the federal protective
27 petition. (*See* Doc. 38 at 6-13; Doc. 36 at 7.)

28 Given the foregoing, the general availability of COVID-19 vaccines, boosters, masks,

8

social distancing, and other safety practices noted by respondent, are unlikely to mitigate these ongoing exceptional circumstances in a way that would allow timely presentation of a complete federal petition prior to the requested as tolled date.  Especially so, given the allegedly insufficient investigation by state post-conviction counsel, and the court's previous observation that this case involves complex issues and a voluminous record, suggesting that an extensive investigation is required by petitioner's counsel and the defense team.  (*See* Doc. 36 at 8, citing Doc. 28 at 5.)

Additionally, respondent does not suggest that he would suffer any prejudice should the requested relief be granted.  The court finds no reason to believe that respondent would suffer any prejudice from the additional six month delay in the filing of the petition sought by petitioner's counsel.  Nothing before the court suggests any significant impact upon the ability of respondent to oppose any challenges raised by petitioner to his underlying judgment of conviction.

The court concludes the extraordinary circumstances of the COVID-19 pandemic continue to impede petitioner's right to the assistance of appointed habeas counsel in preparing a complete federal habeas petition, notwithstanding counsel's reasonable diligence. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855-57 (1994) (given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims); *McCleskey v. Zant*, 499 U.S. 467, 498 (1991) (in the pre-AEDPA context, stating that "[P]etitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."), *superseded by statute as recognized in Banister v. Davis*, __U.S.__, 140 S. Ct. 1698, 1707 (2020).

///

///

///

///

Accordingly, petitioner's fourth motion for equitable tolling (Doc. 38) is **GRANTED**. Petitioner **SHALL** file his amended federal habeas petition **no later August 1, 2022**.

IT IS SO ORDERED.

Dated:   **March 7, 2022**

UNITED STATES DISTRICT JUDGE