# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN McWHORTER,<br><br>Petitioner,<br><br>v.<br><br>OAK SMITH, Warden of California State Prison at San Quentin,<br><br>Respondent.[1] | Case No. 1:20-cv-00215-JLT<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER DENYING FURTHER EQUITABLE TOLLING WITHOUT PREJUDICE TO RENEWAL |

On January 20, 2023, petitioner Richard Allen McWhorter, through appointed counsel Saor Stetler and Kresta Daly, moved to equitably toll the limitations deadline under 28 U.S.C. § 2244 for the filing of his federal amended habeas corpus petition in this proceeding. The motion, petitioner's sixth, requests that the current as tolled petition filing deadline of January 30, 2023 be further equitably tolled to and including May 30, 2023 on grounds of: (i) extraordinary circumstances raised by COVID-19 and its variants and subvariants (collectively "COVID-19"), (ii) his impaired mental and physical health and lack of stamina, and (iii) his counsel's need for additional Criminal Justice Act ("CJA") funding.

On January 31, 2023, respondent Warden Oak Smith, through counsel, Deputy Attorney

---

[1] Oak Smith, acting warden of San Quentin State Prison since January 2023, is substituted as respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

1

General Brook Bennigson, timely filed his opposition to the motion. On February 7, 2023, petitioner timely filed a reply in support of the motion. No hearing date has been set and the Court finds that none is required. *See* Local Rule 230(g). The matter is deemed submitted for a decision. *Id.*; (*see also* Doc. 47 at 1 n.1.[2])

Having considered the pleadings, the record, and matters judicially noticed, the Court will deny petitioner's motion for further equitable tolling of the deadline to file his amended federal petition, without prejudice to renewal upon a more complete and tangible showing once a federal amended petition is filed, as explained below.

I.  BACKGROUND

On February 26, 1998, petitioner was convicted of two first degree murders and first degree residential robbery, with special circumstances of multiple-murder and robbery-murder found true, and sentenced to death. *People v. Richard Allen McWhorter*, Kern County Superior Court Case No. 65352A.

On August 6, 2009, the California Supreme Court affirmed petitioner's judgment of conviction and sentence on automatic appeal. *People v. Richard Allen McWhorter*, 47 Cal. 4th 318, *rehearing denied October 14, 2009, as modified October 14, 2009*. On October 4, 2010, the United States Supreme Court denied certiorari. *Richard Allen McWhorter v. California,* 562 U.S. 844. On January 22, 2020, the California Supreme Court summarily denied petitioner's habeas corpus petition. *In re McWhorter,* Cal. Case No. S180404.

On February 11, 2020, petitioner began this federal habeas proceeding pursuant to 28 U.S.C. § 2254. On March 30, 2020, the Court appointed counsel to represent petitioner in this proceeding, pursuant to the CJA. (*See* Doc. 9, citing 18 U.S.C. § 3599.) On July 24, 2020, respondent lodged the record. On October 7, 2020, the Court granted petitioner's motion to equitably toll the limitations deadline under 28 U.S.C. § 2244 from January 22, 2021, to and including March 31, 2021, due to delay in the appointment of federal habeas counsel.

The Court granted petitioner's multiple motions to further toll the 28 U.S.C. § 2244 deadline

---

[2] All reference to page numbering is to CM/ECF system pagination for electronically filed documents and otherwise to internal pagination.

on grounds of extraordinary circumstances raised by the COVID-19 pandemic then before it, impeding petitioner's right to the assistance of appointed habeas counsel and their investigators and experts in preparing a complete federal petition. During the period of tolling, on October 22, 2021, petitioner filed in this proceeding a 297-page (protective) petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, stating twenty-two fully exhausted record-based claims.

## II.  DISCUSSION

### A.  Legal Standard for Equitable Tolling

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202, 206 (2003), (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time).

A petitioner must act with reasonable diligence in preparing his petition up to the time he files it in the district court. *Smith v. Davis*, 953 F.3d 582, 601 (9th Cir. 2020).

Although there must be a causal link between the extraordinary circumstance and the inability to timely file the petition, a petitioner is not required to show the extraordinary circumstance made it literally impossible to file the petition on time. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so."). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings, and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case No. 09-cv-0388 L (NLS), 2010 WL 596443 at **4, 5 (S.D. Cal. Feb. 16, 2010).

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Holland*, 560 U.S. at 653 (equitable tolling requires reasonable diligence, not maximum feasible diligence); *Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances).

B.      Petitioner has not Demonstrated Extraordinary Circumstances

   1.      COVID-19

Petitioner argues that COVID-19 and restrictions and responses thereto impeded preparation and timely presentation of new, non-record claims and evidence in a federal amended petition. (Doc. 47 at 3-4.) Petitioner argues that his in-person legal visitation with counsel has been limited to less than 20 hours, the bulk of which occurred during the current tolling period of August 1, 2022 to January 30, 2023. (Doc. 47 at 5-6; *see also* Doc. 49 at 5-6.) He argues that as a result, counsel has been unable to (1) identify potential new evidence and colorable claims, (2) assemble the defense team, (3) retain and consult with appropriate experts, and (4) investigate, develop and present a complete federal amended petition. (Doc. 47 at 5-6; *see also* Doc. 49 at 5-6.)

Respondent opposes further equitable tolling on such grounds because petitioner has not carried his burden under *Holland*. Respondent incorporates and reargues his opposition to petitioner's previous motions for equitable tolling in the case, that (1) prospective tolling is unavailable and moot where, as here, the deadline for filing a federal amended petition has passed, (2) retrospective tolling is unavailable where, as here, an untimely federal amended petition has not been filed, (3) COVID-19 is not an extraordinary impediment to timely filing based upon facts and evidence now before the Court, (4) petitioner and his counsel have not demonstrated ongoing reasonable diligence in investigating, developing and presenting unspecified new claims and evidence, (5) petitioner cannot satisfy *Holland* by investigating, developing, and presenting unexhausted claims and evidence, and ABA Guidelines and Supplemental Guidelines are not authority otherwise, and (6) the state record does not suggest the existence of new colorable claims. (Doc. 48 at 2-3, citing Docs. 26, 31, 39, 44.)

Respondent argues that on the record now before the Court, petitioner has not carried his burden of showing COVID-19 impeded timely filing of a federal amended petition. He observes (1) the relatively robust guilt and penalty phase investigation conducted by state trial and post-conviction counsel (*see* Doc. 48 at 7-8, citing *McWhorter*, 47 Cal. 4th at 335-40, 342-44, 361-73; Lodged Doc. 79, 95), (2) petitioner's concession that his counsel have had regular in-person meetings with him since September 2022 (*see* Doc. 48 at 6), and (3) the continuing improvement in the COVID-19 landscape with: (i) increasing rates of COVID-19 vaccination, (ii) decreasing rates and risks of COVID-19 infection, illness and death, (iii) reduction or elimination of federal and state COVID-19 safety precautions such as masking, social distancing, screening, and quarantining, and (iv) a spring 2023 target for ending federal and state COVID-19 states of emergency. (*See* Doc. 48 at 3-5.)

The Court finds that on the facts and evidence now before it, petitioner has not shown that extraordinary circumstances raised by COVID-19 impeded timely filing of a complete amended federal habeas petition notwithstanding his reasonable diligence and that of his counsel. The Court, in its September 8, 2022 order granting petitioner's fifth equitable tolling motion, found the COVID-19 Omicron BA.4 and BA.5 subvariant surge and aftermath had impeded prison visits and investigation and development of potential new evidence and colorable claims. (*See* Doc. 46 at 8.) Still, the Court observed the then improving COVID-19 landscape, that:

> [R]elative COVID-19 safety measures appear to be increasing and subvariants proportions appear to be decreasing. Respondent points out that the CDC recently streamlined its COVID-19 guidance, stating that "[t]here is significantly less risk of severe illness, hospitalization and death compared to earlier in the pandemic." (Doc. 44 at 4, citing www.cdc.gov/media/releases/2022/p0811-covid-guidance.html.)

Relatedly, the court takes notice that:

- COVID-19 cases, deaths, and test positivity within California have largely begun to decline.
- 80.1% of Californians have received at least one dose of COVID-19 vaccine.
- California's COVID-19 test positivity rate has declined to 8.7%.
- Community transmission risks of COVID-19 in Marin and Fresno Counties recently moved from high to medium.
- California's COVID-19 universal indoor masking requirement expired on February 15, 2022.

5

> The California Department of Public health neither requires nor recommends COVID-19 masking in private indoor settings.

(Doc. 46 at 6-7.) The Court also takes notice that California's COVID-19 metrics show continued improvement, that:

> California has vaccinated 72.6% of its population with a primary series, and has seen a relative reduction in cases (6.6 new cases per 100,000), deaths (0.1 new deaths per 100,000), and test positivity (5.7%) (*see* https://covid19.ca.gov/state-dsahboard/) (last visited February 13, 2023).
>
> San Quentin is in the open phase (modified) for death row in-person visitation three days per week allowing up to two and one-half hours per visit (*see* http://www.cdcr.ca.gov/visitors/visiting-status/) (last visited February 13, 2023), regardless of vaccination status, and face coverings, while encouraged, are no longer required (*see* https://www.cdcr.ca.gov/vistors/vaccination-testing-procedurees-for-vistors/) (last visited February 13, 2023).
>
> The community transmission risk level in Marin County where San Quentin is located, and in Fresno and Kern Counties where witnesses are located, is low (*see* https://covid19.ca.gov/safely-reopening/#what-to-do-now) (last visited February 13, 2023).

Fed. R. Evid. 201(b).

As with prior tolling motions, petitioner's counsel lament that "[w]ithout being able to meet with Mr. McWhorter in-person on a regular basis," they have been "unable to make critical assessments necessary for assembling the defense team and organizing the investigation and hiring of experts[.]" (*See* Doc. 47 at 5.) However, petitioner concedes that his counsel have had *regular* in-person visitation with him since September 2022, totaling upwards of 20 hours. (*See* Doc. 47 at 6.)

Petitioner also concedes that his counsel have an investigatory plan for development of a federal amended petition that identifies evidence and claims to be developed, witnesses to be interviewed, and the required expert consultation. (*See* Doc. 47 at 7; Doc. 49 at 4.) Noticeably absent from petitioner's proffer in support of the instant motion is any explanation as to when such milestones were achieved, what portion of such work has been accomplished, and why the work has not yet come to fruition.

Petitioner's further argument in support of impediments raised by COVID-19 are unpersuasive. Nothing in his rehash of the more dire COVID-19 metrics prevailing prior to the current period of

tolling, and his observation of the relatively small but persistent number of COVID-19 cases statewide and at San Quentin shows that on the facts and circumstances now before the Court timely filing of a federal amended petition has been impeded. Similarly, his mere citation to capital defense standards set out in ABA Guidelines and Supplementary Guidelines, untethered to the facts of the case, is not persuasive of COVID-19 impediments. (*See* Doc. 47 at 4, 8.[3])

Petitioner's suggestion that he is entitled to a full unimpeded year within which to develop his federal amended petition fares no better. (*See* Doc. 49 at 2-3.) As this Court has previously observed:

> While an attorney's assistance [preparing a habeas corpus petition] is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims, *McFarland*, 512 U.S. at 855-57, AEDPA does not necessarily entitle petitioner to one full year of attorney assisted preparation. *See Kayer v. Schriro*, No. CV 07-2120-PHX-DGC, 2007 WL 4150213, at *2 (D. Ariz. Nov. 19, 2007) ("The Court declines to find, as a general rule, that an adequate petition requires one year of preparation simply because the AEDPA provides that time period as a statute of limitations.") (citing *Dennis,* 65 F.Supp.2d at 1097 n.5).

(Doc. 22 at 14.)

Finally, to the extent factors of case complexity and potential prejudice to respondent may be considered by the Court in determining whether to grant equitable tolling, petitioner has not demonstrated these factors weigh in his favor. He has not made any specific factual showing that complex legal and factual issues underlie completion of a federal amended petition. *See Hoyos*, 2010 WL 596443 at **4, 5. He has not addressed the possible prejudice to respondent's ability to oppose challenges raised to the underlying 1998 judgment of conviction that might arise from the passage of time during the requested period of further tolling.

In such regards, the Court observes AEDPA's acknowledged purpose of "reduc[ing] delays in the execution of state and federal criminal sentences." *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) (citing *Garceau,* 538 U.S. at 206); *see also Carey v. Saffold,* 536 U.S. 214, 226 (2002) (statutory purpose of limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."); *Welch v. Carey,* 350 F.3d 1079, 1083 (9th

---

[3] The court takes notice that petitioner, in his fifth tolling motion, cited ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Guideline 10.5 and Commentary (2003); ABA Guideline 10.7 and Commentary (2003); ABA Guideline 10.16.1.E.2 and Commentary (2003); and ABA Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases, 36 Hofstra L. Rev. 677, Guideline 10.11 (2008)). (*See* Doc. 43 at 3-10.)

Cir.2003); (Doc. 22 at 14).

In sum, on the facts and circumstances now before it, the Court finds that petitioner has not demonstrated that COVID-19 raised an exceptional circumstance that caused his failure to timely file an amended federal petition, under the *Holland* standard.

2.  Petitioner's Mental and Physical Condition and Stamina

Petitioner argues that his intellectual and mobility impairments and age related lack of stamina (petitioner is 74 years old) impeded preparation and timely filing of new, non-record claims and evidence in a federal amended petition. (*See* Doc. 47 at 6-7.)

Respondent opposes further equitable tolling on such grounds because petitioner has not carried his burden under *Holland*. He argues that petitioner has not demonstrated on the facts and circumstances of the case that such impairments and lack of stamina constitute extraordinary circumstances that impeded timely preparation and filing of a federal amended petition. (*See* Doc. 48 at 6-8.)

The Court finds that, on the facts and evidence now before it, petitioner has not shown that extraordinary circumstances raised by his mental and physical condition and age impeded timely filing of a complete amended federal habeas petition notwithstanding his reasonable diligence and that of his counsel. In some circumstances, a mental illness or physical ailment can present an extraordinary circumstance for purposes of equitable tolling. *See Miles v. Grounds*, No. 1:12-CV-00812 AWI, 2013 WL 2337912, at *5 (E.D. Cal. May 28, 2013) (citing *Laws v. Lamarque,* 351 F.3d 919, 923 (9th Cir.2003)) (equitable tolling denied where petitioner, who suffered from progressive multiple sclerosis, failed to demonstrate his physical impediments were the cause of the delay in not timely filing the petition); *Williams v. Kernan*, No. 218CV2841JAMDBP, 2020 WL 2992000, at *5 (E.D. Cal. June 4, 2020), *report and recommendation adopted*, No. 218CV2841JAMDBP, 2021 WL 1172541 (E.D. Cal. Mar. 29, 2021) (citing *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010)) (equitable tolling based upon mental impairment requires a showing the mental impairment is an extraordinary circumstance beyond petitioner's control that was so severe he did not understand the need to file or was unable to personally prepare a habeas petition); *Rosiles v. Pfeiffer*, No. 2:17-CV-02600 KJM GGH, 2019 WL 3996399, at *5 (E.D. Cal. Aug. 23, 2019), *report and recommendation*

*adopted*, No. 2:17-CV-02600 KJM GGH, 2020 WL 230001 (E.D. Cal. Jan. 15, 2020) (under limited circumstances, a petitioner's mental impairment may represent an extraordinary circumstance warranting equitable tolling for the period he was incompetent).

Counsel's anecdotal observation and surmise fall short of facts demonstrating extraordinary mental and physical impairment and lack of stamina. Petitioner relies upon counsel's observations that during regular visitation (1) petitioner was "unable to safely walk even short distances or even stand for any period of time[,]" (2) petitioner "can only hold a conversation for short periods of time, has difficulty concentrating, easily loses his train of thought and frequently has to correct information he imparts to counsel[,]" and (3) petitioner's "ability to accurately and effectively respond to questions from counsel declines over the course of an hour, at the end of which he is visibly tired." (*See* Doc. 47 at 6-7.) Counsel's observations fall short of facts showing that petitioner's mental and physical impediments and age caused his failure to timely file an amended federal petition. Furthermore, the fact counsel were able to formulate an investigative plan identifying new claims and evidence, witnesses, and required expert opinion, suggests these impairments were not overly limiting.

In sum, on the facts and circumstances now before it, the Court finds that petitioner has not demonstrated that his mental and physical condition and age raised an exceptional circumstance that caused his failure to timely file an amended federal petition, under the *Holland* standard.

3. Additional CJA Funding

Petitioner argues that his counsel's unmet need for additional CJA funding impeded preparation and timely presentation of new, non-record claims and evidence in a federal amended petition. (Doc. 47 at 7-8.) He states that "counsel will submit, under seal and *ex parte*, a budget that includes the request for funds for the experts and ancillary resources necessary to complete the preparation of these claims. . . ." (*Id.*)

The Court finds that, on the facts and evidence now before it, petitioner has not shown that extraordinary circumstances raised by CJA case funding impeded timely filing of a complete amended federal habeas petition notwithstanding his reasonable diligence and that of his counsel.[4] In some

---

[4] CJA funding issues are handled by the Court *ex parte* and under seal. *See Phillips v. Chappel*, 2015 U.S. Dist. LEXIS 57647, at *2 (E.D. Cal. Apr. 30, 2015) (citing 18 U.S.C. § 3006A(e); *see also* Guidelines for Administering the CJA and Related Statutes, Vol. 7 of the Guide to Judiciary Policy, ("Guidelines"), § 230.26.20(c) ("Case budgets should be

circumstances, public funding limitations can present an extraordinary circumstance for purposes of equitable tolling. *See e.g., Mills v. Warden, San Quentin State Prison*, No. 2:17-CV-2195 WBS DB, 2019 WL 1238814, at *3 (E.D. Cal. Mar. 18, 2019), *report and recommendation adopted sub nom. Mills v. Davis*, No. 2:17-CV-2195 WBS DB, 2019 WL 1651625 (E.D. Cal. Apr. 17, 2019) (granting equitable tolling during the period a partial and temporary government shutdown limited funding available to petitioner's counsel for travel, experts, and other expenditures related to petition preparation). However, petitioner makes no showing on the public or sealed docket relating to additional CJA funding. Nothing before the Court suggests that CJA funding impediments caused his failure to timely file an amended federal petition. Thus, the Court finds that petitioner has not demonstrated that CJA funding issues raised an exceptional circumstance that caused his failure to timely file an amended federal petition, under the *Holland* standard.

C.  <u>Petitioner and his Counsel have not Demonstrated Reasonable Diligence</u>

Assuming arguendo that an extraordinary circumstance impeded petitioner's preparation and filing of a federal amended petition, he and his counsel have not shown reasonable diligence in the face thereof. *See e.g., Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) (citing *Holland*, 560 U.S. at 653) ("The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.").

As to alleged COVID-19 impediments, petitioner points to counsel's assembly and review of the core and non-core record, and counsel's October 2021 filing of the protective petition. (Doc. 47 at 5.) But these matters were considered by the Court during its review of petitioner's prior tolling motions (*see* Doc. 28 at 2, 4-5; Doc. 34; Doc. 42 at 8; Doc. 46 at 9), and do not address the facts and circumstances now before the court. Petitioner also points to his counsel's noted nearly 20 hours of in-person legal visitation and development of an investigatory plan for a federal amended petition. (Doc. 47 at 7; Doc. 49 at 4.) However, as discussed above, petitioner does not explain when the plan was formulated, what portion of it has been accomplished, and why the work has not yet come to fruition. (*See* Doc. 47 at 7-8; *see also* Doc. 48 at 6-8, citing *People v. McWhorter*, 47 Cal. 4th 318,

---

submitted *ex parte* and filed and maintained under seal."); 18 U.S.C. § 3599(f); Guidelines, § 310.30 ("Maintaining the secrecy of the application prevents the possibility that an open hearing may cause defendants to reveal their defense.").

335-340, 342-44, 361-73 (1999); Lodged Docs. 79, 95); *see also Smith*, 953 F.3d at 601.  For example, petitioner has not identified, even in general terms, who and where these witnesses are, or explained why they have not been interviewed or consulted with earlier.  (*See* Doc. 47 at 7-8.)

As to alleged impediments raised by his mental and physical impairments and advanced age, petitioner makes no proffer in support of diligence.  *See Smith*, 953 F.3d at 601.  For example, petitioner has not identified whether any accommodations were available to and implemented by counsel. Similarly, as to alleged impediments raised by CJA funding, petitioner make no proffer in support of diligence.  *Id.*  For example, petitioner makes no showing in the public or sealed record that his counsel have identified specific unfunded tasks necessary to complete a federal amended petition, and taken action to secure funding.  *(See* Doc. 47 at 7-8.)

D.     Conclusions

Petitioner has failed to show that notwithstanding his reasonable diligence and that of his counsel, extraordinary circumstances have impeded the investigation, development, and timely filing of a federal amended petition.  *See* 18 U.S.C. § 3599(a)(2); *Dennis v. Woodford,* 65 F.Supp.2d 1093, 1097 n.5 (N.D. Cal. 1999) (rejecting an equitable tolling claim due to "lack of specific, particularized facts which would make equitable tolling appropriate[.]").

Petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015); *accord Milam v. Harrington*, 953 F.3d 1128, 1132 (2020) (citing *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002)) (the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him."). Accordingly, petitioner's sixth motion for equitable tolling (Doc. 47) is DENIED without prejudice to renewal once a federal amended petition is filed.

IT IS SO ORDERED.

Dated:     **March 6, 2023**

UNITED STATES DISTRICT JUDGE