1
2
3
4
5
6
7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD ALLEN McWHORTER,            Case No.  1:20-cv-00215-JLT

12               Petitioner,             <u>DEATH PENALTY CASE</u>

13         v.                            ORDER REGARDING REQUEST TO
                                         LODGE DOCUMENTS UNDER SEAL
14   OAK SMITH, Warden of California State
     Prison at San Quentin,
15
                 Respondent.[1]
16

17

18                                   I. INTRODUCTION

19         On March 27, 2023, Respondent, through counsel, Supervising Deputy Attorney

20   General Kenneth Sokoler and Deputy Attorney General Brook Bennigson, filed on the public

21   docket a Notice of Request to Lodge Documents under Seal.  (Doc. 53.)  The Notice is

22   associated with Respondent's Notice of Augmented Lodging and Index of Documents filed

23   that same day (Doc. 52), which includes Penal Code § 987.9 trial court defense funding request

24   materials, sealed in state court, that are part of the state record in this proceeding.[2]  (*See* Doc.

25   52 at 2-3, citing Kern County Superior Court case number 65352.)

26   ───────────────────
     [1] Oak Smith, acting warden of San Quentin State Prison since January 2023, is substituted as Respondent in place
27   of his predecessor wardens.  Fed. R. Civ. P. 25(d).

28   [2] All reference to state law is to California law; All reference to pagination is the ECF system page numbering.

                                              1

1    Respondent has submitted to the Court the documents to be lodged under seal, along

2    with a Proposed Order and Request to Lodge Documents under Seal, as required by E.D. Cal.

3    L. R. ("Local Rule") 141.[3]  (*See* Doc. 53 at 2.)  Respondent states that these same documents

4    have been emailed to Petitioner's counsel, Kresta Daly and Saor Stetler.  (*Id.*)

5    Petitioner has not opposed Respondent's Request to Seal, and the time for doing so has

6    expired.  Local Rule 141(c).  Respondent's Request to Seal is therefore deemed unopposed.

7                                II. BACKGROUND

8    Petitioner was convicted of two counts of first-degree murder and first-degree

9    residential robbery. *People v. Richard Allen McWhorter*, Kern County Superior Court Case

10   No. 65352A. The special circumstances of multiple-murder and robbery-murder were found

11   true after which he was sentenced to death. *Id*. The California Supreme Court affirmed

12   Petitioner's judgment of conviction and sentence on automatic appeal.  *People v. Richard Allen*

13   *McWhorter*, 47 Cal. 4th 318, *rehearing denied October 14, 2009, as modified October 14,*

14   *2009*. The United States Supreme Court denied certiorari (*Richard Allen McWhorter v.*

15   *California,* 562 U.S. 844), and the California Supreme Court summarily denied Petitioner's

16   habeas corpus petition.  *In re McWhorter,* Cal. Case No. S180404.

17   On February 11, 2020, Petitioner began this federal habeas proceeding pursuant to 28

18   U.S.C. § 2254. Respondent timely filed notice of lodging and lodged the state record materials

19   electronically into the docket. (Docs. 16-18.)  Thereafter, Respondent filed notice of lodging

20   and lodged supplemental documents to the state record electronically into the docket.  (Doc.

21   25.)

22   On October 22, 2021, Petitioner filed a 297-page (protective) petition for writ of habeas

23   corpus pursuant to 28 U.S.C. § 2254, stating twenty-two fully exhausted record-based claims.

24   (Doc. 34.) On March 6, 2023, the Court denied without prejudice Petitioner's request to

25   equitably toll the deadline for filing a federal amended habeas petition beyond January 30,

26

27   [3] Local Rule 141(b) directs a party seeking to seal documents to electronically file a "Notice of Request to Seal
     Documents" and to e-mail a "Request to Seal Documents," proposed order, and all documents covered by the
28   request to the appropriate Judge or Magistrate Judge's proposed order e-mail box.

                                        2

1    2023.  (*See* Doc. No. 50.)

2                         III. DISCUSSION

3        Respondent argues that there are compelling reasons why the documents proposed for

4    sealing, i.e., lodged documents 101-102 consisting of two volumes of confidential sealed

5    Clerk's Transcripts (Bates stamped AGO-CONF 0001-0543) and lodged documents 103-127

6    consisting of twenty-five volumes of confidential sealed Reporter's Transcripts (Bates stamped

7    AGO-CONF 0544-0737), must be sealed in this Court until an appropriate state court orders

8    otherwise. He argues that: (1) the documents relate to Petitioner's Penal Code § 987.9 defense

9    funding requests, (2) the documents are part of the state record to be lodged in this proceeding,

10    (3) the documents are confidential under state law, and (4) the documents are and remain

11    sealed pursuant to order of the California Supreme Court dated October 24, 2012.  (*See* Doc.

12    52 at 1-2; Doc. 53 at 1-2 citing Doc. 14, Penal Code § 987.9(a).)

13        Requests to seal documents in this district are governed by Local Rule 141, which

14    provides that documents may be sealed only upon written order of the Court after a

15    specific request to seal has been made.  Local Rule 141(a).  The request to seal shall set

16    forth "the statutory or other authority for sealing, the requested duration, the identity, by name

17    or category, of persons to be permitted access to the document, and all relevant information."

18    Local Rule 141(b).

19        The Court observes there is a "strong presumption in favor of access to court

20    records[.]" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir.

21    2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

22    "The presumption of access is 'based on the need for federal courts, although independent –

23    indeed, particularly because they are independent – to have a measure of accountability and for

24    the public to have confidence in the administration of justice.'" *Id.* (quoting *United States v.*

25    *Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

26        A request to seal material must normally meet the high threshold of showing that

27    "compelling reasons" support secrecy.  *See Center for Auto Safety,* 809 F.3d at 1096-97.  A

28    party seeking to file something under seal must present "compelling reasons" supporting the

1   request.  *Id.*  The compelling reasons standard requires that the Court: (1) find a compelling

2   reason supporting sealing the record, and (2) articulate the factual basis for sealing the record

3   without relying on hypothesis or conjecture.  *Id.* at 1096-97. The Court must "conscientiously

4   balance" the competing interests of the public and the party who wishes to keep the documents

5   private.  *Id.* at 1097; *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-

6   81 (9th Cir. 2006).  "What constitutes a 'compelling reason' is 'best left to the sound discretion

7   of the trial court.'"  *Center for Auto Safety,* 809 F.3d at 1097 (quoting *Nixon v. Warner*

8   *Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

9          The Ninth Circuit has stated that "compelling reasons" sufficient to outweigh the

10  public's interest in disclosure and justify sealing court records exist, for example, when "court

11  files might have become a vehicle for improper purposes, such as the use of records to gratify

12  private spite, promote public scandal, circulate libelous statements, or release trade

13  secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the

14  production of records may lead to a litigant's embarrassment, incrimination, or exposure to

15  further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447

16  F.3d at 1179 (citing *Foltz*, 331 F.3d at 11360).

17         Where the material is, at most, "tangentially related" to the merits of a case,

18  the request to seal may be granted on a lesser showing of "good cause" to find prejudice or

19  harm for each document sought to be protected.  *Ctr. for Auto Safety,* 809 F.3d at 1096-1102;

20  *see also Kamakana,* 447 F.3d at 1178-80; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470,

21  476 (9th Cir. 1992); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  For

22  example, in such a case, a "particularized showing" that public disclosure would cause

23  annoyance, embarrassment, oppression, or an undue burden will suffice to seal non-dispositive

24  records. *Kamakana*, 447 F.3d at 1180; *see also* Fed. R. Civ. P. 26(c)(1). Pursuant to Federal

25  Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without

26  redaction."

27         Respondent has complied with Local Rule 141.  The Court has reviewed the Request to

28  Seal and the lodged documents sought to be sealed and finds compelling reasons to grant the

4

Request.  These documents each contain information related to capital defense funding for this case according to Penal Code § 987.9. This information is confidential under state law and by order of the California Supreme Court.  Penal Coe § 987.9 also provides that in the event such confidential information is provided to the Attorney General on state appeal or collateral review, the documents shall remain under seal and their use limited to the pending proceeding. Thus, the Court **ORDERS**:

      1.      Respondent's Request to Lodge Documents under Seal is **GRANTED**.

      2.      Documents 101-102 (Clerk's Transcripts Bates stamped AGO-CONF 0001-0543) and documents 103-127 (Reporter's Transcripts Bates stamped AGO-CONF 0544-0737), to the request for lodging, shall be **LODGED UNDER SEAL** until further order of the Court.  These documents shall not be publicly filed unless otherwise ordered by the Court.

      3.      Respondent's counsel shall email Documents 101 to 127 to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141 **within three days** of the date of entry of this order.

IT IS SO ORDERED.

  Dated:   **April 10, 2023**

                                          UNITED STATES DISTRICT JUDGE