1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| RICHARD ALLEN McWHORTER,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>Respondent.[1] | Case No.  1:20-cv-00215-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER REGARDING PETITIONER'S APPLICATION TO FILE DOCUMENTS UNDER SEAL |

11
12
13
14
15
16
17

## I. INTRODUCTION

On July 28, 2023, Petitioner, through counsel Kresta Daly and Saor Stetler, filed on the public docket a Notice of Filing Under Seal an Application to Seal privileged materials.  (Doc. 69.)  The Notice is associated with the Court's July 13, 2023 order that tentatively denied Petitioner's May 15, 2023 Motion for Equitable Tolling and provided his counsel until July 28, 2023 to submit to ex parte and in camera to the Court for sealing any supplemental privileged material supporting the motion.  (Doc. 68.)

Petitioner has timely submitted to the Court supplemental privileged materials along with an Ex Parte Application to Seal and Proposed Order, as required by Eastern District of

---

[1] Pursuant to the Federal Rules of Civil Procedure, Rule 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

1  California Local Rule ("Local Rule") 141.[2]  Petitioner states the materials to be sealed are

2  privileged and so have not been provided to Respondent.  (Doc. 69 at 1-2.)

3      Respondent has not opposed Petitioner's sealing request, and the time for doing so has

4  expired.  Local Rule 141(c).  Petitioner's sealing request is therefore deemed unopposed.

5                          II. BACKGROUND

6      On February 26, 1998, Petitioner was convicted of two first-degree murders and first-

7  degree residential robbery.  The special circumstances of multiple-murder and robbery-murder

8  were found true, and he was sentenced to death.  *People v. Richard Allen McWhorter*, Kern

9  County Superior Court Case No. 65352A.

10      The California Supreme Court affirmed Petitioner's judgment of conviction and

11  sentence on automatic appeal.  *People v. Richard Allen McWhorter*, 47 Cal. 4th 318, *rehearing*

12  *denied October 14, 2009, as modified October 14, 2009*.  On October 4, 2010, the United

13  States Supreme Court denied certiorari.  *Richard Allen McWhorter v. California,* 562 U.S. 844.

14  Thereafter, the California Supreme Court summarily denied Petitioner's habeas corpus

15  petition.  *In re McWhorter,* Cal. Case No. S180404.

16      On February 11, 2020, Petitioner began this federal habeas proceeding pursuant to 28

17  U.S.C. § 2254 (Docs. 1, 2) and the Court appointed counsel on March 31, 2020.  (Doc. 9, citing

18  18 U.S.C. § 3599.)

19      On July 24, 2020, Respondent lodged the record.[3]  (Docs. 16-18.)  Three months later,

20  the Court granted Petitioner's motion to equitably toll the limitations deadline under 28 U.S.C.

21  § 2244 from January 22, 2021, to and including March 31, 2021, due to delay in the

22  appointment of federal habeas counsel. (Doc. 22.)

23      The Court granted further equitable tolling of the § 2244 deadline through January 30,

24  2023 in response to Petitioner's second through fifth motions, on grounds extraordinary

---

25  [2] Local Rule 141(b) directs a party seeking to seal documents to electronically file a "Notice of Request to Seal

26  Documents" and to e-mail a "Request to Seal Documents," proposed order, and all documents covered by the
    request to the appropriate Judge or Magistrate Judge's proposed order e-mail box.  All reference to pagination is to

27  ECF system pagination unless stated otherwise.

28  [3] Respondent augmented the lodged record on March  27, 2023.  (Docs. 52, 52-1.)  Respondent made a second
    augmentation of the lodged record under seal pursuant to order of the Court, on April 12, 2023.  (Docs. 54-60,)

circumstances raised by the COVID-19 pandemic impeded investigation, development, and presentation of his federal claims.  (Docs. 28, 36, 42, 46.)

During the period of tolling, on October 22, 2021, Petitioner filed in this proceeding a 297-page (protective) petition pursuant to § 2254 stating 22 fully exhausted record-based claims.  (Doc. 34.)

On March 6, 2023, the Court denied without prejudice to renewal Petitioner's sixth motion for equitable tolling, which sought to prospectively toll the January 30, 2023 deadline for filing his amended federal petition.  (Doc. 50.)  The Court found that Petitioner did not make a sufficient showing that extraordinary circumstances raised by COVID-19, his impaired mental and physical health, and his counsel's need for additional Criminal Justice Act funding entitled him to further equitable tolling. (*Id.*)

On May 15, 2023, Petitioner filed his federal amended habeas corpus petition pursuant to § 2254 (Doc. 63), and concurrently renewed his previously denied request to further equitably toll the limitations deadline pursuant to § 2244 from January 30, 2023 to filing of the federal amended petition.  (Doc. 64).

### III. DISCUSSION

Petitioner supports the sealing request by observing that the contents of materials proffered for sealing are privileged including under the work product and attorney-client privileges.

Requests to seal documents in this district are governed by Local Rule 141, which provides that documents may be sealed only upon written order of the Court after a specific request to seal has been made.  Local Rule 141(a).  The request to seal shall set forth "the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  Local Rule 141(b).

The Court observes there is a "strong presumption in favor of access to court records[.]"  *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

"The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.' " *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy.  *See Ctr. for Auto Safety,* 809 F.3d, at 1096-97.  A party seeking to file something under seal must present "compelling reasons" supporting the request. *Id.*  The compelling reasons standard requires that the Court: (1) find a compelling reason supporting sealing the record, and (2) articulate the factual basis for sealing the record without relying on hypothesis or conjecture.  *Id.* at 1096-97.  The Court must "conscientiously balance" the competing interests of the public and the party who wishes to keep the documents private. *Id.* at 1097; *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-81 (9th Cir. 2006).  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.' "  *Ctr. for Auto Safety,* 809 F.3d, at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has stated that "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist, for example, when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S., at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d, at 1179 (citing *Foltz*, 331 F.3d, at 1136).

Where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a lesser showing of "good cause" to find prejudice or harm for each document sought to be protected.  *Ctr. for Auto Safety,* 809 F.3d, at 1096-1102; *see also Kamakana,* 447 F.3d, at 1178-80; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  For example,

in such a case, a "particularized showing" that public disclosure would cause annoyance, embarrassment, oppression, or an undue burden will suffice to seal non-dispositive records. *Kamakana*, 447 F.3d, at 1180; *see also* Fed. R. Civ. P. 26(c)(1).  Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction."

Petitioner has complied with Local Rule 141.  The Court has reviewed the Application to Seal and the materials sought to be sealed and finds compelling reasons to grant the Application.  These materials contain information regarding representation, the attorney client relationship, and attorney work product, that is privileged and confidential under state law. Thus, the Court **ORDERS**:

1.      Petitioner's Application to Seal nine (9) pages of privileged material submitted ex parte and in camera to the Court is **GRANTED**.

2.      The privileged materials submitted to the Court (totaling 9 pages), shall be FILED **UNDER SEAL** until further order of the Court, with **SERVICE UPON ONLY COUNSEL FOR PETITIONER**.  These documents shall not be publicly filed unless otherwise ordered by the Court.

3.      Petitioner's counsel shall email the above privileged materials to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141 **WITHIN THREE DAYS** of the date of entry of this order.

IT IS SO ORDERED.

Dated:   **August 1, 2023**

UNITED STATES DISTRICT JUDGE