UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN McWHORTER,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>Respondent.[1] | Case No.  1:20-cv-00215-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING RENEWED MOTION FOR FURTHER EQUITABLE TOLLING |

**I.     INTRODUCTION**

Richard Allen McWhorter, through appointed counsel Saor Stetler and Kresta Daly, filed in this proceeding an amended habeas corpus petition pursuant to 28 U.S.C. § 2254 (Doc. 63), and a motion renewing his previously denied request to further equitably toll the limitations deadline pursuant to 28 U.S.C. § 2244(d)(1) from January 30, 2023 to filing of the amended petition (Doc. 64).  The renewed equitable tolling motion is now before the Court. Respondent Warden Ron Broomfield, through counsel, Deputy Attorney General Brook Bennigson, opposed the motion (Doc. 65), and Petitioner filed a reply.  (Doc. 66.)

On July 13, 2023, the Court issued a tentative order denying further equitable tolling. (Doc. 68.)  Petitioner, pursuant to the tentative order, submitted ex parte and in camera to the

---

[1] Pursuant to the Fed. R. Civ. P. 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

1

1  Court supplemental privileged materials supporting the motion which were filed on the sealed
2  docket.  (Sealed Doc. 71.)  The Court then took the matter.  (Doc. 68, at 12; Doc. 64, at 1 n.1.[2])
3  Having considered the pleadings, the record, and Petitioner's supplemental filing, the
4  Court will **GRANT** the renewed motion for further equitable tolling, as discussed below.  With
5  issuance of this order, the Court's tentative order (Doc. 68) is vacated and withdrawn.

**II.    BACKGROUND**

On February 26, 1998, Petitioner was convicted of two first degree murders and first degree residential robbery, with special circumstances of multiple-murder and robbery-murder found true, and sentenced to death.  *People v. Richard Allen McWhorter*, Kern County Superior Court Case No. 65352A. The California Supreme Court affirmed Petitioner's judgment of conviction and sentence on automatic appeal.  *People v. McWhorter*, 47 Cal. 4th 318v(2009), *as modified* (Oct. 14, 2009).  The United States Supreme Court denied certiorari. *Richard Allen McWhorter v. California,* 562 U.S. 844.

The California Supreme Court summarily denied Petitioner's habeas corpus petition. *In re McWhorter,* Cal. Case No. S180404. On February 11, 2020, Petitioner began this federal habeas proceeding pursuant to § 2254.  (Docs. 1, 2.)

On July 24, 2020, Respondent lodged the record.  (Docs. 16, 17, 18.) On October 7, 2020, the Court granted Petitioner's motion to equitably toll the limitations deadline under § 2244 from January 22, 2021, to and including March 31, 2021, due to delay in the appointment of federal habeas counsel.  (Doc. 22.)  The Court granted further equitable tolling of the § 2244 deadline through January 30, 2023 in response to Petitioner's second through fifth motions, on grounds extraordinary circumstances raised by the COVID-19 pandemic impeded investigation, development, and presentation of his federal claims.  (Docs. 28, 36, 42, 46.) On October 22, 2021, Petitioner filed his 297-page (protective) petition pursuant to § 2254 stating twenty-two record-based claims.  (Doc. 34.)

On March 6, 2023, the Court denied without prejudice to renewal Petitioner's sixth motion to equitably toll the amended petition filing deadline beyond January 30, 2023, finding

---

[2] All reference to page numbering is to CM/ECF system pagination.

that Petitioner did not make a sufficient showing that extraordinary circumstances raised by COVID-19, his impaired mental and physical health, and his counsel's need for additional Criminal Justice Act funding entitled him to further equitable tolling.  (Doc. 50.)

**III.    DISCUSSION**

Petitioner now argues that notwithstanding his reasonable diligence and that of his counsel, the following extraordinary circumstances impeded investigation, development, and presentation of a timely federal amended petition: (i) COVID-19 and its aftermath, (ii) Petitioner's impaired mental and physical health and cognitive decline, and (iii) difficulties retaining and conferring with experts caused by circumstances (i) and (ii).  (*See* Doc. 64, at 3-8.)

Respondent opposes further equitable tolling, arguing the instant renewal motion is "vague, summary, and provides no evidence in support of its claims and assertions" and "reasserts substantially the same claims this Court rejected in its denial of Petitioner's sixth motion for prospective equitable tolling."  (Doc. 65, at 1-2; *see also id*. at 4-15.)  Particularly, he argues that Petitioner has not shown extraordinary circumstances impeded development and presentation of the five Claims newly added in the federal amended petition.[3]  (Doc. 65, at 3-15; *see also* Doc. 63.)

Respondent also argues that certain of the newly added Claims lack merit.  He argues that Claims 5 and 17 alleging incompetence are unsupported by expert opinion (*see* Doc. 65, at 12-14); that Claim 24 alleging ineffective assistance of appellate counsel is unsupported by analysis or evidence (*see id*. at 13-14); and that Claim 25 alleging ineffective assistance of state habeas counsel fails because there is no constitutional right to post-conviction counsel (*see id.* at 14.)

The limitations period for § 2254 petitions is subject to equitable tolling in appropriate circumstances.  *Holland v. Florida.*, 560 U.S. 631, 645–49 (2010).  However, application of

---

[3] The newly added claims are: Claim 5 raising trial incompetence; Claim 17 raising execution incompetence; Claim 22 raising denial of equal protection and due process based upon limitations of Criminal Justice Act funding; Claim 24 raising ineffective assistance of appellate counsel; and Claim 25 raising ineffective assistance of state habeas counsel.

the equitable tolling doctrine is the exception rather than the norm. *See e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005) (same); *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc) (same); *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) (same).

Both elements must be met. *Pace*, 544 U.S. at 418 (finding that the petitioner was not entitled to equitable tolling because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to receive equitable tolling, the petitioner must prove the above two requirements).

The first equitable tolling requirement, diligence, is a separate inquiry from the extraordinary circumstance inquiry and "covers those affairs within the litigant's control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256 (2016). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653. A petitioner must demonstrate diligence at all times up to the filing of the federal habeas petition, not only during the time an alleged impediment stood in the way of timely filing. *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc).

The second equitable tolling requirement is causation. *Smith*, 953 F.3d at 597-600. A petitioner must establish not only the existence of an extraordinary circumstance but also that it was, in fact, the cause of the untimely filing of the federal habeas petition. *Smith*, 953 F.3d at 600 ("[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."); *see also Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (a

petitioner must show that the claimed extraordinary circumstances were the cause of his untimeliness and not his own lack of diligence). Still, a petitioner is not required to show the extraordinary circumstance made it literally impossible to file the petition on time. *See Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *Miles*, 187 F.3d at 1107; *see also Holland*, 560 U.S. at 653 (equitable tolling requires reasonable diligence, not maximum feasible diligence); *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings, and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, No. 09CV0388 L (NLS), 2010 WL 596443, at *4, 5 (S.D. Cal. Feb. 16, 2010).

### 1. Impediments Raised by COVID-19

The Court finds that Petitioner has shown extraordinary circumstances raised by and secondary to COVID-19 delayed litigation and investigatory planning, and development of the newly asserted Claims prior to and during the period of requested tolling. Particularly, the Court is persuaded these circumstances effectively denied and delayed Petitioner's counsel meaningful in-person access to him, which in turn impeded assembly of an appropriate defense team, consultation with necessary experts, and timely presentation of new Claims in the federal amended petition.

The record reflects that Petitioner's counsel were appointed in early 2020, just as COVID-19 lockdowns began. Counsel represent that they were denied in-person visitation until mid-2021, when only limited and irregular in-person visitation became available.

Counsel further represent that while regular in-person visits lasting up to an hour nominally became available in the fall of 2022, in practice counsel's access to Petitioner continued to be irregular, limited, and insufficient under professional standards and norms and the facts and circumstances of this case. (Doc. 64, at 3-7 citing Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases, 36 Hofstra L. Rev. 677 (2008), Guideline 10.11; Sealed Doc. 71.) While the Court observes that facts in the state record may shed some light on certain of the Claims newly presented in the amended federal petition (*see e.g.*, Doc. 34, at 226-36, 243-61; *McWhorter*, 47 Cal. 4th at 338–40, 343–44), the Court nonetheless accepts counsel's noted representations.

Even so, the Court agrees with Respondent that Petitioner has not shown extraordinary circumstances raised by and secondary to COVID-19 impeded in-person access to unspecified potential lay witnesses. (See Doc. 64, at 7.) This argument, seemingly recycled from Petitioner's prior equitable tolling motions, appears to be a vestige of more dire COVID-19 times (*see e.g.,* Doc. 23, at 3-10), and is not a basis for the Court's decision herein.

**2.    Impediments raised by Petitioner's Mental and Physical Health and Cognitive Decline**

The Court finds that Petitioner has shown his declining mental and physical health and cognitive functioning, while not alone rising to the level of an extraordinary circumstance under *Holland* for reasons previously stated by the Court (*see* Doc. 50 at 8-9), together with the above noted extraordinary circumstances raised by and secondary to COVID-19, impeded development, and presentation of the new Claims prior to and during the period of requested tolling. *See Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009) (if more than one "extraordinary circumstance" is alleged, a petitioner can show that the circumstances together made a timely filing impossible, rather than proving that each factor independently made a timely filing impossible).

Particularly, Petitioner's counsel represent that Petitioner's advanced age (74 years old), underlying physical and mental problems, and declining health overall further limited in-person visitation already impeded by COVID-19 and its secondary effects, as discussed above.

For example, Petitioner's counsel point to his need for restroom breaks and related cuffing/uncuffing; use of a wheelchair and occasional unsteadiness on his feet; tendency to be easily distracted and apparent memory issues; and overall difficulty in communicating. (Doc. 64, at 5-6; Doc. 66 at 2; Sealed Doc. 71.) The Court accepts counsel's noted representations.

### 3. Difficulties Retaining and Conferring with Experts

The Court further finds that Petitioner has shown counsel's difficulties retaining and conferring with needed experts, while not alone rising to the level of an extraordinary circumstance (*see Holland*, 560 U.S. at 649; *Smith*, 953 F.3d at 600), nonetheless did present an extraordinary circumstance when considered together with the above noted extraordinary circumstances raised by and secondary to COVID-19 and Petitioner's declining mental and physical health and cognitive functioning. *Ramirez*, 571 F.3d at 1000. The cumulative effect thereof was to impede development, and presentation of the new Claims during the period of requested tolling. (S*ee* Doc. 64, at 6, 8; Sealed Doc. 71.)

Particularly, Petitioner's counsel represent that these cumulative extraordinary circumstances combined to impede development and presentation of expert opinion in multiple disciplines supporting new Claims in the federal amended petition. (*See* Doc. 64 at 7-8 [additional penalty phase issues require expert assistance in reviewing background materials and witness statements, and conducting clinical interviews and intellectual, psychological, and neuropsychological testing]; id. at 6, 8, citing American Bar Association Guidelines, Guideline 10.7 and Commentary; Sealed Doc. 71.) His counsel further represent that they have contacted a number of experts with regard to the issues identified in the litigation and investigatory plan, but have had difficulties securing assistance. (*See* Doc. 64, at 6; Sealed Doc. 71.) The Court accepts counsel's noted representations.

### 4. Reasonable Diligence

The Court finds that Petitioner has shown he and his counsel have been reasonably diligent in the face of the above noted extraordinary circumstances and impediments, prior to and during the period of requested tolling. (*See* Doc. 64, at 3-8; Sealed Doc. 71); *see also Holland*, 560 U.S. at 653; *Smith*, 953 F.3d at 598–99.

Particularly, counsel represent they engaged in ongoing efforts to meet with and interview Petitioner and thereupon develop and implement a litigation and investigatory plan for the new Claims including consultation with a variety of necessary experts. (*See* Doc. 64, at 3-8; Sealed Doc. 71); *see also Ford*, 683 F.3d at 1237, citing *Holland*, 560 U.S. at 653; *Smith*, 953 F.3d at 601.  The Court accepts counsel's noted representations as showing reasonable diligence in the face of extraordinary circumstances prior to and during the period of requested tolling.

Additionally, the Court finds the Claims newly added in the federal amended petition, upon further development, could suggest factual and legal issues of some complexity, further favoring application of equitable tolling.  (Doc. 63 at 125-31, 278-95, 323-26, 330-35; Sealed Doc. 71; *Hoyos*, 2010 WL 596443, at *4, 5.)  The Court also finds the brief period of further tolling granted hereunder does not suggest prejudice, and Respondent has not argued otherwise.  (*Cf.* Doc. 50, at 7, citing *Hoyos*, 2010 WL 596443, at *4, 5.)

**IV.    CONCLUSIONS**

Petitioner has shown that, notwithstanding his reasonable diligence and that of his counsel prior to and during the period of requested tolling, extraordinary circumstances impeded the investigation, development, and timely presentation of the federal amended petition.  *See* § 3599(a)(2); *Milam v. Harrington*, 953 F.3d 1128, 1132 (9th Cir. 2020) (citing *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002)) (the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him."); *Holland*, 560 U.S. at 645–49.  Accordingly, the Court's tentative order denying further equitable tolling (Doc. 68) is **VACATED AND WITHDRAWN**.  Petitioner's renewed motion for further equitable tolling (Doc. 64) is **GRANTED**.  The parties are directed to file a **JOINT STATEMENT** setting forth their respective positions regarding scheduling of additional briefs or pleadings within **30 days** of service of this order.

IT IS SO ORDERED.

Dated:    **September 17, 2023**

UNITED STATES DISTRICT JUDGE