UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN McWHORTER, | Case No. 1:20-cv-00215-JLT |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | ORDER REGARDING MOTION FOR *RHINES* STAY AND ABEYANCE |
| CHANCE ANDES, Acting Warden of San Quentin Rehabilitation Center, | |
| Respondent. | |

I. INTRODUCTION

Petitioner has filed a motion to stay the case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to allow state court exhaustion of claims in the 28 U.S.C. § 2254 amended petition for writ of habeas corpus filed May 15, 2023 (hereinafter the "Federal Amended Petition"). (Doc. 75.) Respondent Warden opposes the motion. (Doc. 76).

The Court, having previously found the motion suitable to disposition on the papers (Doc. 74 at 2), and having now considered the parties' filings, the record in this case, and the applicable legal authority, finds that: (i) the Federal Amended Petition contains unexhausted claims, (ii) Petitioner has satisfied the requirements for the granting of a stay pursuant to the *Rhines* standard, and (iii) this federal habeas action shall be stayed and held in abeyance of exhaustion proceedings in state court. The reasons for the Court's rulings are discussed below.

1

## II. BACKGROUND

Petitioner was convicted of two first degree murders and first degree residential robbery, with the special circumstances of multiple-murder and robbery-murder found true, and sentenced to death. *People v. Richard Allen McWhorter*, Kern County Superior Court Case No. 65352A. The California Supreme Court affirmed Petitioner's judgment of conviction and sentence on automatic appeal. *People v. McWhorter*, 47 Cal. 4th 318 (2009), *as modified* (Oct. 14, 2009). The United States Supreme Court denied certiorari. *Richard Allen McWhorter v. California*, 562 U.S. 844 (Oct. 4, 2010).

Petitioner filed a state petition for writ of habeas corpus. The state Supreme Court granted Petitioner's request that consideration of the habeas corpus petition be deferred pending filing of an amended habeas petition. After filing the amended habeas corpus petition (hereinafter "State Amended Petition") (Doc. 18-4), the California Supreme Court summarily denied Petitioner's State Amended Petition. (Doc. 18-20.)

On February 11, 2020, Petitioner began this federal habeas proceeding pursuant to 28 U.S.C. § 2254. (Docs. 1, 2.) Soon thereafter, Respondent lodged the record. (Docs. 16, 17, 18.) On October 7, 2020, the Court granted Petitioner's motion to equitably toll the limitations deadline under 28 U.S.C. § 2244 from January 22, 2021, to and including March 31, 2021, due to delay in the appointment of federal habeas counsel. (Doc. 22.) The Court granted further equitable tolling of the 28 U.S.C. § 2244 deadline through filing of the Federal Amended Petition, on grounds that extraordinary circumstances raised by the COVID-19 pandemic impeded investigation, development, and presentation of federal claims. (Docs. 28, 36, 42, 46, 72.)

On October 22, 2021, Petitioner filed a 297-page federal (protective) petition pursuant to 28 U.S.C. § 2254 stating twenty-two record-based claims. (Doc. 34.) On May 15, 2023, Petitioner filed the operative Federal Amended Petition totaling 339 pages and stating 27 claims including subclaims. (Doc. 63.)

## III. DISCUSSION

A.   The Federal Amended Petition is a Mixed Petition

The Court approves the parties' stipulation that the Federal Amended Petition includes

2

fully exhausted claims 1-4, 6-16, 18-21, 23, and 27, as well as the following unexhausted claims:

- <u>Claims 5</u>: Alleging incompetence during trial and continuing to the present time. (Doc. 63 at 125-31.)
- <u>Claim 17</u>: Alleging execution ineligibility due to mental impairment. (*Id.* at 278-95.)
- <u>Claim 22</u>: Alleging denial of equal protection, due process, and a reliable conviction and sentence due to limited and disparate state funding and resources available to Petitioner's appointed private appellate and habeas counsel (as versus capital defendants with appointed public appellate and habeas counsel), precluding development of evidence including neuropsychological evaluation. (*Id.* at 323-26.)
- <u>Claims 24</u>: Alleging ineffective assistance by state appellate counsel, including failure to review, correct, and perfect the record and fully develop and present claims. (*Id.* at 330-32.)
- <u>Claim 25</u>: Alleging ineffective assistance by state habeas counsel, including failures to review, correct, and perfect the record and fully develop and present claims including the unexhausted claims. (*Id.* at 332-36.)

(Doc. 73 at 1 n.1; Doc. 74 at 2;[1] *see also* E.D. Cal. Local Rule 143.) Thus, the Court finds the Federal Amended Petition is a mixed petition subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. *Id.*; *see also* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270,

---

[1] The parties dispute the exhaustion status of claim 26, which alleges actual innocence based in part upon unspecified "newly discovered evidence." (Doc. 73 at 1 n.1; Doc. 74 at 2; *see also* Doc. 63 at 335-36.)

1  276 (1971) ("We emphasize that the federal claim must be fairly presented to the state courts.");
2  *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (same).  If exhaustion is to be waived, it
3  must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  No such waiver by
4  Respondent is before the Court.
5       Federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was
6  before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 563 U.S. 170,
7  180-81 (2011) (concluding the district court erred in considering evidence introduced for first
8  time in federal court); *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (stating same and citing to
9  *Pinholster*, 563 U.S. at 180).  A district court is permitted to stay a mixed petition to allow a
10 petitioner to exhaust his claims in state court without running afoul of the one-year statute of
11 limitations period to file for federal habeas review imposed by the Antiterrorism and Effective
12 Death Penalty Act of 1996.  28 U.S.C. § 2244(d)(1).
13 B.     *Rhines* Stay and Abeyance
14      A district court may stay a mixed petition if: 1) the petitioner has good cause for his failure
15 to exhaust any one of the unexhausted claims, 2) any one of the unexhausted claims is potentially
16 meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory
17 tactics.  *Rhines*, 544 U.S. at 277-78; *see also Horning v. Martel*, No. 2:10-cv-1932 JAM GGH
18 DP, 2011 WL 5921662, at \*\*2-3 (E.D. Cal. Nov. 28, 2011), *report and recommendation adopted*,
19 2012 WL 163784 (Jan. 19, 2012) ("One claim requiring a stay acts as an umbrella for all
20 claims."); *Jackson v. CSP-Solano*, No. 2:14-cv-2268 MCE DB P, 2017 WL 404583, at \*5 (E.D.
21 Cal. Jan. 30, 2017), *report and recommendation adopted sub nom. Jackson v. CSP-Solano,*
22 *Warden*, No. 2:14-cv-2268 MCE DB P, 2017 WL 896325 (E.D. Cal. Mar. 6, 2017) ("To obtain a
23 stay of these proceedings, petitioner need only show he had valid reason for failing to raise one of
24 his claims[.]"); *Bunyard v. Davis*, No. 2:15-cv-01790 WBS AC DP, 2018 WL 6065389, at \*2
25 (E.D. Cal. Nov. 20, 2018), *report and recommendation adopted*, No. 2:15-cv-1790 WBS AC,
26 2019 WL 134564 (E.D. Cal. Jan. 7, 2019) (citing *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir.
27 2017)) (a showing of good cause for a stay to permit exhaustion of any one potentially
28 meritorious claim will support a stay of the proceedings as a whole).

The Supreme Court has not articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first. The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

For purposes of a stay under *Rhines*, whether the petitioner has good cause for his failure to exhaust "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (citing *Pace*, 544 U.S. at 416); *see also Jackson*, 425 F.3d at 661-62 (remanding for consideration of the three *Rhines* factors). Also, "good cause under *Rhines*, when based on [ineffective assistance of counsel], cannot be any more demanding than a showing of cause under *Martinez [v. Ryan*, 566 U.S. 1 (2012)], to excuse state procedural default."[2] *Blake*, 745 F.3d at 983-84. The Ninth Circuit has observed that good cause has been found where a petitioner meets the standard in *Martinez. Dixon*, 847 F.3d at 720-21.

The merit inquiry under *Rhines* turns on whether the petitioner has presented a colorable claim, not whether he is likely to prevail. *See Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011). As noted, a federal habeas petitioner need only show that one of his unexhausted claims is not "plainly meritless" in order to obtain a stay under *Rhines*. 544 U.S. at 277; *see also Dixon*, 847 F.3d at 722.

---

[2] The Supreme Court in *Martinez* held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial where the claim has some merit. 566 U.S. at 9.

The decision whether to grant a *Rhines* stay is subject to the discretion of the district court. *Rhines*, 544 U.S. at 276; *see also Jackson*, 425 F.3d at 661 (when the three *Rhines* factors are satisfied, however, "it likely would be an abuse of discretion for a district court to deny a stay[.]"). A stay granted pursuant to *Rhines* may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. 544 U.S. at 277-78.

1. Claim 22

As discussed above, Petitioner need only demonstrate that he has good cause for failing to exhaust one potentially meritorious claim. *See Rhines,* 544 U.S. at 277; *Dixon*, 847 F.3d at 722; *Jackson*, 2017 WL 404583, at *5. Here, Petitioner focuses on claim 22 as the basis for *Rhines* relief. (Docs. 75, 77.)

   *a.  Good cause for Failure to Exhaust*

Petitioner argues his failure to exhaust claim 22 should be excused because that claim could not have been raised prior to completion of his state habeas proceedings. He argues that claim 22, alleging denial of federal rights based upon the limited and disparate state funding and resources available to his state appointed private appellate and habeas counsel, was not ripe to be raised until January 22, 2020, when the state supreme court denied his State Amended Petition which included a request for additional state habeas funding. (Doc. 75 at 5; Doc. 63 at 323-26.)

Respondent, in his opposition to the motion, argues that claim 22 could have been raised prior to conclusion of the state habeas proceedings. He argues that state habeas counsel would have known of the alleged funding and resource limitations and disparities, as well as the need to develop and present all of Petitioner's constitutional claims. (Doc. 76 at 6-8.)

Alternatively, Petitioner argues that his failure to exhaust claim 22 should be excused because his state habeas counsel was ineffective in failing to raise it, as alleged in unexhausted claim 25.[3] (Doc. 63 at 332-33, citing *In re Clark*, 5 Cal. 4th 750, 780; *Strickland v. Washington*, 466 U.S. 668 (1984); *Wiggins v. Smith,* 539 U.S. 510 (2003) (applying the *Strickland* standard at

---

[3] Claim 25 appears to allege ineffective assistance of state habeas counsel both as a basis to show "cause" under *Martinez* (i.e. an equitable claim), and as a basis to show a free standing violation of federal rights (i.e. a constitutional claim), the latter being unexhausted. (*See* Doc. 63 at 333, citing *Strickland*, 466 U.S. at 668; *Martinez*, 566 U.S. at 15-18.)

6

1  trial); *Evitts v. Lucey*, 469 U.S. 387 (1985) (applying the *Strickland* standard on first appeal as of
2  right). He argues that California Supreme Court policies limiting funding and resources available
3  to his appointed private appellate and habeas counsel as alleged in claim 22, kept counsel from
4  fully reviewing, correcting, and perfecting the record and developing and presenting evidence and
5  claims. (*See* Doc. 63 at 323-25, 330-32; Doc. 75 at 6, citing *Blake*, 745 F. 3d at 983; *Riner v.*
6  *Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006) (concluding that ineffective assistance
7  by state habeas counsel could provide good cause under *Rhines*); *Hagins v. Gay*, 2007 WL
8  148951, at **4-5 (W.D. Wash., Jan. 5, 2007) (same).) For example, he argues that in his case,
9  because of state habeas counsel's deficient conduct, many unspecified possible leads were left
10 untouched and additional experts necessary for a complete neuropsychological evaluation were
11 unavailable. (*See* Doc. 63 at 323-25.)

12       Respondent argues that Petitioner fails to make a sufficient evidentiary proffer of
13 ineffective assistance of counsel. He argues that in any event, there is no federal right to effective
14 assistance by state habeas counsel. (*See* Doc. 76 at 10 citing *Pennsylvania v. Finley*, 481 U.S.
15 551, 555 (1987); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (same); 28 U.S.C. § 2254(i)
16 ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-
17 conviction proceedings shall not be a ground for relief in a proceeding arising under section
18 2254.").) He argues that state habeas counsel reasonably investigated and presented claims and
19 was not chargeable with raising every non-frivolous issue (Doc. 76 at 9); that Petitioner's failure
20 to provide a declaration by state habeas counsel in support of the instant motion implies that such
21 counsel acted tactically, rather than ineffectively; and that in any event, Petitioner fails to point to
22 specific facts showing prejudicially deficient conduct by state habeas counsel under the standard
23 in *Strickland* and *Blake*. (*See* Doc. 76 at 6, citing *Blake*, 745 F.3d at 982.)

24       The Court finds that Petitioner's argument that claim 22 could not have been raised prior to
25 denial of the State Amended Petition comports with common sense, finds some support in the
26 state record, and is sufficient excuse under *Blake*. (*See* Doc. 75 at 5; Doc. 63 at 323; Doc. 18-4 at
27 29, 359, 372; Doc. 18-20.) Though claim 22 may have been incipient upon state appointment of
28 private appellate and habeas counsel, the claim arguably ripened only upon denial of state habeas

1 funding. Indeed, the Court in a separate case and on similar facts found such an argument to be
2 sufficient as *Rhines* good cause. *See e.g., Bunyard*, 2018 WL 6065389, at \*\*2-3 (citing *Blake*,
3 745 F.3d at 983) (finding *Rhines* good cause based upon a colorable constitutional claim that
4 California provides appointed private capital post-conviction counsel with limited, disparate, and
5 objectively inadequate funding and resources in comparison with appointed public agency capital
6 post-conviction counsel).

7 Petitioner's further argument, that his failure to exhaust claim 22 is excused by ineffective
8 assistance of state habeas counsel, also finds some support in the state record and is sufficient
9 excuse under *Blake*.[4] (*See* Doc. 75 at 6; Doc. 63 at 333-35; *see also Blake*, 745 F.3d at 983-84 &
10 n.7 (the *Rhines* standard for ineffective assistance of counsel based "cause" is not any more
11 demanding than the "cause" standard articulated in *Martinez*). For example, state habeas counsel
12 appears chargeable with knowledge of the state's two-tiered system of funding private versus
13 public capital habeas counsel. (*See* Doc. 75 at 6, citing *Jones v. Chappell*, 31 F. Supp.3d 1050,
14 1057-1058 (C.D. Cal. 2014), *reversed by Jones v. Davis*, 806 F.3d 538 (9th Cir. 2015) (describing
15 California's two-tiered system of public agency and private appointments, and funding problems
16 facing private appointed counsel in California death penalty cases); *see also* Doc. 76 at 6.) State
17 habeas counsel alleged in the State Amended Petition that his claim development was limited by
18 lack of funding, and requested therein that he be provided sufficient funds and time to secure
19 additional investigative and expert assistance as necessary to prove the facts alleged in that
20 Petition. (Doc. 18-4 at 29, 33, 372). Even so, state habeas counsel failed to exhaust the claim 22
21 allegations.

22 The Court observes that *Martinez* and *Blake* involved state habeas counsel's ineffective
23 failure to present a substantial claim of <u>trial</u> counsel ineffective assistance. Claim 22 is not such a
24 claim. Still, claim 22 may relate to undeveloped allegations of ineffective assistance by trial
25 counsel included in unexhausted claim 5. (Doc. 63 at 125-27); *see also Sadowski v. Grounds*,
26 358 F. Supp. 3d 1064, 1070 (C.D. Cal. 2019) (citing *Blake*, 745 F.3d at 983-84) ("[A] petitioner

27

28 [4] The Court need not and does not consider whether alleged ineffective assistance by state appellate counsel excuses Petitioner's failure to exhaust claim 22.

8

1 can show good cause under *Rhines* for a failure to exhaust a claim of ineffective assistance of trial
2 counsel by satisfying the good cause standard announced in *Martinez*[.]"). For example, claim 22
3 alleges prejudice raised by failure to develop constitutional errors at trial, including due to state
4 habeas counsel's lack of funding and resources to complete a neuropsychological evaluation of
5 Petitioner. (Doc. 63 at 323.) Relatedly, unexhausted claim 5 includes allegations that trial
6 counsel was prejudicially deficient by failing fully to develop social history and mental state
7 evidence bearing upon issues of guilt, penalty, and competency. (Doc. 63 at 125-31; *see also*
8 Doc. 18-4 at 296-329, citing State Amended Petition Exhibit 54 at 606, State Amended Petition
9 Exhibit 58 at 635, State Amended Petition Exhibit 59 at 655-70, State Amended Petition Exhibit
10 63 at 745, State Amended Petition Exhibit 64 at 752, and State Amended Petition Exhibit 65 at
11 757)); *Bunyard*, 2018 WL 6065389, at *6 (citing *Pate v. Robinson*, 383 U.S. 375 (1966); *Drope*
12 *v. Missouri*, 420 U.S. 162, 171 (1975) (it is well-established that trial while mentally incompetent
13 violates a defendant's constitutional rights). Notably, the Court in a separate case on similar albeit
14 better developed facts, found *Rhines* good cause based upon state habeas counsel's alleged
15 ineffective failure to present the same constitutional claim asserted in claim 22. *Bunyard*, 2018
16 WL 6065389, at *3 (citing *Blake*, 745 F.3d at 983).

17 Furthermore, Petitioner need not support his request for *Rhines* stay and abeyance with a
18 declaration by state habeas counsel. *See Lund v. Locatelli*, No. 2:21-cv-01831 KJM DB P, 2022
19 WL 3416996, at *3 (E.D. Cal. Aug. 16, 2022) (citing *Tobin v. Davis*, No. 1:18-cv-01375-NONE-
20 SAB, 2021 WL 5359680, *6 (E.D. Cal. Nov. 17, 2021)) (post-conviction counsel's failure to
21 exhaust claims is not presumed to be a strategic decision simply because petitioner did not
22 include a declaration from post-conviction counsel in support of *Rhines* relief); *Davis v. Davis*,
23 No. C-13-0408 EMC, 2015 WL 4512309, at *4 (N.D. Cal. July 24, 2015) ("The absence of a
24 declaration by, or testimony from state habeas counsel attesting to the lack of post-conviction
25 tactics in failing to raise the noted unexhausted [c]laims, is not alone suggestive of a reasonable
26 post-conviction strategy."). The Court is unpersuaded by Respondent's argument otherwise.
27 (Doc. 76, at 5, 10-12, citing *Wooten*, 540 F.3d at 1024 n.2, *McWhorter*, 47 Cal. 4th at 339.) Nor
28 is the Court persuaded by Respondent's above noted assertion, unsupported by authority, that

*Blake's* equitable good cause analysis is limited or impacted by the absence of a federal right to state habeas counsel.

Petitioner need not prove ineffective assistance by state habeas counsel to satisfy the equitable "good cause" prong of the standard in *Rhines*. *Harris v. Davis*, No. 1:16-cv-01572-DAD, 2020 WL 3640069, at *3 (E.D. Cal. Jul. 6, 2020); *see also Ervine v. Warden, San Quentin State Prison*, No. 2:15-cv-1916 TLN DB, 2018 WL 372754, at *3 (E.D. Cal. Jan. 10, 2018), *report and recommendation adopted*, No. 2:15-cv-01916-TLN-DB, 2018 WL 1173959 (E.D. Cal. Mar. 6, 2018) (same). Under *Blake*, a petitioner need only provide a "concrete and reasonable excuse, supported by evidence" that his state appointed counsel failed to discover, investigate, and present to the state courts the new claim. 745 F.3d at 983-84; *see also Martinez*, 566 U.S. at 14 (petitioner must demonstrate the underlying ineffective assistance of trial counsel claim has some merit).

Petitioner's noted excuses for failing to exhaust are each specific and supported by some evidence. Petitioner has done more than make a "bare allegation" of good cause. *Blake*, 745 F.3d at 983; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) (where good cause turns on the ineffective assistance of counsel, "[t]he relevant question is not whether counsel's choices were strategic, but whether they were reasonable."); Guideline 10.7, *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, 31 HOFSTRA L. REV. 913, 1015-27 (2003) (counsel handling state collateral proceedings must undertake a thorough investigation into the facts surrounding all phases of the case); *Lund*, 2022 WL 3416996, at *3 ("respondent's mere surmise" that post-conviction counsel must have been tactically motivated not a basis to find a reasonable post-conviction strategy); *cf. Barrera v. Muniz*, No. 2:14-cv-2260 JAM DAD P, 2015 WL 4488235, at *3 (E.D. Cal. July 23, 2015), *report and recommendation adopted*, 2015 WL 6736813 (E.D. Cal. Nov. 4, 2015) (no good cause found where petitioner submitted no evidence in support of ineffective assistance of counsel); *Lisea v. Sherman,* No. 2:14-cv-1766 CKD P, 2014 WL 4418632, at *3 (E.D. Cal. Sept. 8, 2014) (same). As this Court has observed:

> Courts in this circuit have found good caused based on a similar

> showing. *See* [*Cruz, post*] (petitioner's showing that current counsel uncovered evidence of jury misconduct that could have been uncovered, and raised, by state habeas counsel is sufficient showing of ineffective assistance of counsel for *Rhines* stay).

*Ervine*, 2018 WL 372754, at *3; *see also Blake*, 745 F.3d at 982 ("legitimate reason" for the failure to exhaust satisfies the equitable "good cause" element of the *Rhines* test).

### b. Potentially Meritorious Claim

As discussed above, Petitioner alleges in claim 22 that his federal rights to equal protection, due process, and a reliable trial were violated by the limited and disparate funding and resources available to his state appointed private appellate and habeas counsel. He argues these allegations are at least colorable and thus potentially meritorious and not "plainly meritless."

Particularly, Petitioner argues the state's two-tiered system for appointing capital appellate and habeas counsel for indigent defendants violated his fundamental federal rights to counsel and access to the courts, including by arbitrarily and unfairly preventing his private counsel from accessing the appropriate level of funding and resources otherwise available to public agency counsel representing similarly situated capital defendants. He argues these state imposed funding and resource disparities did not further any apparent state purpose or policy. (Doc. 63 at 323-26; Doc. 75 at 6 citing *Jones*, 31 F.Supp.3d at 1057-58 (describing funding problems facing private appointed counsel in death penalty cases).) He argues that because of these constitutional deprivations, his state appellate and habeas counsel performed ineffectively, including by leaving untouched many possible leads and failing fully to develop mental state evidence. (Doc. 63 at 325.) Respondent again counters that claim 22 is merely conclusory, unsupported by evidence. (Doc. 76 at 11-13 citing *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (conclusory allegations are insufficient to provide a basis for granting habeas relief).)

In determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." *Dixon*, 847 F.3d at 722 (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they

believe it is warranted." *Id.* (quoting *Cassett*, 406 F.3d at 624) (citing *Lundy*, 455 U.S. at 515). Thus, the merit inquiry under *Rhines* turns on whether a petitioner has presented one colorable claim, not whether he is likely to prevail on that claim. *See Gonzalez*, 667 F.3d at 980; *Dixon*, 847 F.3d at 722.

The Court's preliminary review suggests that claim 22 is colorable and not hopeless. *See Dixon*, 847 F.3d at 722; *Cruz v. Mitchell,* No. 13-cv-2792-JST, 2015 WL 78779, at *3 (N.D. Cal. Jan. 5, 2015) (petitioner's unexhausted claims are potentially meritorious where they are not vague, conclusory, or patently frivolous, but rather cognizable claims supported by authority, evidence, and offers of proof); *cf. Roybal v. Davis*, 148 F. Supp. 3d 958, 1104 (S.D. Cal. 2015) (rejecting on the merits petitioner's claim that California Supreme Court policies unconstitutionally limited fees for the investigation and preparation of the state habeas petition by appointed counsel, where the petitioner failed to offer (1) any authority that the ABA Guidelines' general disapproval of a capital case fee structure such as California's is sufficient to state a claim of constitutional error, and (2) any evidence such policies prejudiced his ability to prepare and file a state habeas petition, complete his state habeas proceedings, or violated his federal constitutional rights).

Petitioner, in claim 22, points to California Supreme Court Policies and Guidelines placing limitations upon appointed private appellate and habeas counsel's fees and expenses; and posits that such limitations were not imposed upon state appointed public agency appellate and habeas counsel.[5] (Doc. 63 at 323-26, citing Supreme Court Policies Regarding Cases Arising From Judgments of Death, Policy 3, standards 2-2.1 to 2-2.4; Payment Guidelines for Appointed Counsel Representing Indigent Criminal Appellants in the California Supreme Court, section II (I)(3)(i), (ii), III.C.7.a, b.6.)

Petitioner alleges the state's process for appointing private versus public appellate and habeas counsel is entirely arbitrary. (Doc. 63 at 323-26.) As discussed above, Petitioner asserts

---

[5] While the state's process for appointing counsel to indigent capital defendants in post-conviction proceedings changed in 2016 with the passage of Proposition 66, nothing before the Court suggests Petitioner's case was impacted thereby. (*See* Doc. 18-20, wherein the state supreme court retained and ruled on Petitioner's Amended State Petition.).

12

1   that his underfunded state habeas counsel failed to fully investigate "many possible leads" and
2   failed to consult with "additional experts for a complete neuropsychological evaluation[.]"  (Doc.
3   63 at 325-26; *see also id.* at 332-35 (alleging in unexhausted claim 25 that state habeas counsel
4   provided ineffective assistance); *id.* at 125-31 (alleging in unexhausted claim 5 that trial counsel
5   provided ineffective assistance by failing to fully develop and present substantive incompetency);
6   *id.* at 278-95 (alleging in unexhausted claim 17 that he is mentally impaired and thus ineligible
7   for execution).[6])  Relatedly, the record includes state habeas counsel's assertions that his
8   investigation and development of claims for relief from conviction and sentence were impeded by
9   a lack of funds, and that additional investigative and expert assistance was necessary including as
10  to Petitioner's mental state and development of related claims.  (Doc. 18-4 at 29, 33, 372.)

11          These allegations and supporting proffer suggest a colorable equal protection claim raised
12  by the state's intentional and arbitrary limitation of funding and resources visited upon Petitioner
13  and other indigent capital defendants represented by appointed private counsel, but not upon
14  capital defendants represented by public agency counsel.  For example, Petitioner's allegations
15  and proffer suggest the limited and disparate funding and resources available to appointed private
16  state appellate and habeas counsel is unsupported by any apparent state rational or policy point.
17  Relatedly, the Court observes that in California, in addition to qualified private counsel, the State
18  Public Defender, the California Appellate Project, and the Habeas Corpus Resource Center are
19  qualified for appointment in capital post-conviction proceedings.  *See* California Rules of Court,
20  Rules 8.605(g), 8.652(g).  The record before the Court does not shed light on the state's
21  methodology for choosing among qualified counsel.

22          Where a classification fails to reflect an underlying substantive policy, it is arbitrary.  *City*
23  *of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 471 n.23 (1985); *see also Nothnagel*
24  *v. Allenby*, No. C 12-5976 CW (PR), 2016 WL 393164, at *6 (N.D. Cal. Feb. 2, 2016) (citing
25  *City of Cleburne,* 473 U.S. at 439) ("The equal protection clause prohibits the arbitrary and

---

[6] The Court observes that claim 17 is premature and subject to dismissal on that basis, pending setting of an execution date. *Burton v. Stewart*, 549 U.S. 147, 154-55 (2007); *Stanley v. Davis*, No. C-07-4727 EMC, 2015 WL 435077, at *5 (N.D. Cal. Feb. 2, 2015) (district courts in the Ninth Circuit have dismissed execution ineligibility claims as premature when they are brought up prior to an execution date).

unequal application of state law, essentially a direction that all persons similarly situated should be treated alike.").

These allegations and supporting proffer also suggest constitutional harm. As discussed above, Petitioner alleges that the noted funding and resource limitations and disparities prevented his counsel's full development and presentation of claims for review by the state supreme court. *See City of Cleburne,* 473 U.S. at 439 (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)) ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."); *cf. Cleveland v. Broomfield*, No. CV 05-3822 SVW, 2021 WL 3476151, at *10 (C.D. Cal. Mar. 11, 2021) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)) (equal protection claim failed where capital petitioner fails to allege facts that the state purposefully treated him differently than similarly situated capital defendants without any rational basis for the disparate treatment).

Petitioner's allegations and supporting proffer also suggest a colorable due process claim that he was denied a fundamentally fair trial and reliable verdict. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (due process principles are violated where a petitioner is denied a fundamentally fair trial); *Coddington v. Martel*, No. 2:01-cv-01290 KJM CKD, 2023 WL 3229948, at *26 (E.D. Cal. May 3, 2023) (citing *In re Murchison*, 349 U.S. 133, 136 (1955)) (a "fair trial in a fair tribunal is a basic requirement of due process[.]").

The Supreme Court has recognized due process and equal protection rights to an appeal. *Hicks*, 447 U.S. at 346-47. Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant has the right to the effective assistance of counsel. *Strickland*, 466 U.S. at 686. This right extends not only to effective assistance at trial, but also to effective assistance of counsel on state appeals as of right. *Lucey*, 469 U.S. at 394-397 (a criminal defendant has the right to effective assistance of counsel at trial and on state appeals of right).

Additionally, Petitioner's allegations may suggest denial of procedural due process based upon a state-created liberty interest in petitioning for habeas corpus. *See Redd v. Guerrero*, 84 F.4th 874, 899 (9th Cir. 2023) (citing Cal. Penal Code §§ 1473, 1485, 1509; *Morrison v.*

14

1  *Peterson,* 809 F.3d 1059, 1065 (9th Cir. 2015) (California petitioner has a constitutionally
2  protected liberty interest in petitioning for habeas corpus)).  Relatedly, Petitioner's allegations
3  may suggest denial of a state created entitlement to the funding and resources available to
4  similarly situated capital defendants represented by appointed public counsel - also implicating
5  his procedural due process rights.  *See, e.g.*, *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir.
6  2000) (citing *Hicks*, 447 U.S. at 346) ("A State violates a criminal defendant's due process right
7  to fundamental fairness if it arbitrarily deprives the defendant of a state law entitlement.").

8       Notably, the Court in a separate case on similar albeit better developed facts, found
9  allegations such as those advanced in claim 22 to be potentially meritorious for purposes of
10 *Rhines* stay and abeyance.  *See Bunyard*, 2018 WL 6065389, at \*\*2-3 (granting *Rhines* relief
11 based upon state post-conviction counsel's prejudicially deficient failure to develop and present a
12 colorable claim premised upon "California's system of appointing private post-conviction
13 counsel, and provision of funding and resources to private counsel that are both objectively
14 inadequate and disparate in comparison to the resources available to death-sentenced inmates
15 represented by public agencies."); *see also SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d
16 662, 679 (9th Cir. 2002) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) (a
17 § 2254 petitioner, who does not allege membership in a class or group, may bring a "class of one"
18 equal protection challenge when she alleges that she has "been intentionally treated differently
19 from others similarly situated and that there is no rational basis for the difference in treatment.");
20 *Vaught v. Allison*, No. 3:21-cv-0408-CAB-AGS, 2021 WL 4428965, at \*6 (S.D. Cal. Sept. 24,
21 2021) (noting that class of one equal protection claims are cognizable for § 2254 relief); *cf. Catlin*
22 *v. Davis*, No. 1:07-cv-01466 LJO SAB, 2019 WL 6885017, at \*211 (E.D. Cal. Dec. 17, 2019)
23 (rejecting on the merits, as unsupported and unpersuasive, claimed ineffective assistance of state
24 post-conviction counsel based upon California's system for appointment and funding of private
25 counsel).

26       Finally, to the extent Respondent may suggest claim 22 is procedurally defaulted (*see* Doc.
27 76 at 11 n.4), such matters are properly before the state court in the first instance.  *Dixon,* 847
28 F.3d at 722; *see also In re Friend,* 11 Cal. 5th 720, 724-25, 739-42 (2021), *as modified September*

*1, 2021* (the restrictions on successive habeas petitions promulgated in Proposition 66 do not apply to a newly available claim raised at the first opportunity); *Martinez*, 566 U.S. at 15-18 (discussing ineffective assistance of post-conviction as a basis to show "cause" for relief from state default). Respondent has not demonstrated that Petitioner lacks the right to raise claim 22 in state court. *See* 28 U.S.C. § 2254(b)(1), (c); Cal. Pen. Code § 1509(d). The Ninth Circuit has made clear that in the context of a *Rhines* motion, the federal court should not usurp the state court's right to first address the merits of a colorable federal claim. *Dixon,* 847 F.3d at 722.

        *c.*      *Intentionally Dilatory Conduct*

Petitioner argues that he has diligently investigated, developed, and filed his federal Petition, consistent with resource limitations, extraordinary circumstances, and federal law requirements. (Doc. 75 at 7.) He also observes the 22-year delay reviewing his conviction and sentence in state court. (*Id.*)

Respondent argues that Petitioner fails to provide any authority that commonly occurring state court delay in reviewing a conviction and sentence demonstrates a lack of intentionally dilatory conduct. (Doc. 76 at 13.) He argues that Petitioner's prosecution of the case, including serial equitable tolling motions and the failure to seek a *Rhines* stay contemporaneously with filing of the Federal Amended Petition, smacks of the dilatory tactics forewarned by the *Rhines* court. (Doc. 76 at 14, citing *Rhines*, 544 U.S. at 277-78 ("[N]ot all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death.").)

The Court finds nothing in the record suggesting that Petitioner has engaged in intentionally dilatory litigation tactics, either prior to or after filing of the Federal Amended Petition. Particularly, it appears that Petitioner has investigated and ascertained his unexhausted claims, sought equitable tolling of the petition filing deadline, and sought stay and abeyance of this action so that he may pursue state court exhaustion of those unexhausted claims, consistent with the Court's case management process and scheduling orders. Moreover, the Court, in granting equitable tolling, found that Petitioner had diligently pursued his federal rights through

16

filing of the Federal Amended Petition. (Doc. 72 at 7-8.)

Petitioner is not dilatory in waiting for the federal court to rule on claim exhaustion status before filing a petition in state court. *See Lucas v. Davis*, No. 15-cv-1224-GPC (WVG), 2017 WL 1807907, at *11 (S.D. Cal. May 5, 2017) ("[I]t is reasonable, and not at all dilatory, for petitioner to await this court's decision and present all unexhausted claims to the state court in a single exhaustion petition."); *Leonard v. Davis,* No. 2:17-cv-0796 JAM AC DP, 2019 WL 1772390, at *5 (E.D. Cal. Apr. 23, 2019), *report and recommendation adopted,* No. 2:17-cv-0796 JAM AC DP, 2019 WL 2162980 (E.D. Cal. May 17, 2019) (same).

C. Conclusions

The Court approves the parties' stipulation that Federal Amended Petition claims 1-4, 6-16, 18-21, 23, and 27 are fully exhausted, and claims 5, 17, 22, 24 and 25 are not fully unexhausted.

Petitioner has satisfied the requirements of *Rhines* as to unexhausted claim 22.

Petitioner is entitled to *Rhines* stay and abeyance of this proceeding so that he may exhaust claims in the Federal Amended Petition, in state court.[7]

The *Rhines* stay may not be indefinite or without reasonable time limits established for Petitioner's return to state court. 544 U.S. at 277-78. Although the duration of the stay of these federal habeas proceedings is dependent upon how long the exhaustion petition is pending before the state courts, it will conclude upon the rendering of a final decision in the state courts on the exhaustion petition.[8] Thus, the Court **ORDERS**:

1. Petitioner's motion (Doc. 75) is GRANTED, and this federal habeas action is STAYED AND HELD IN ABEYANCE of state exhaustion proceedings.

2. All currently scheduled dates in this federal habeas proceeding are hereby VACATED.

---

[7] The Court expresses no opinion on the ultimate merits of the unexhausted claims.

[8] The *Rhines* analysis conducted above also strongly favors the issuance of the requested stay under the Court's inherent power to manage its dockets and stay proceedings. *See Ryan v. Gonzales,* 568 U.S. 57, 73-74 (2013) (citing *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007)). Particularly, on the facts and circumstances of this case, granting a stay of these federal habeas proceedings pending exhaustion will eliminate the possibility of piecemeal litigation, *see Calderon v. United States District Court* (*Taylor*)*,* 134 F.3d 981, 987-88 (9th Cir. 1998), *abrogated on other grounds by Jackson*, 425 F.3d at 660-62, and will also promote comity, *see Lundy,* 455 U.S. at 518.

3. Petitioner shall file his state exhaustion petition **within 60 days** from the date of this order, and file notice thereof in this proceeding **within 30 days** of filing the state exhaustion petition.

4. Petitioner shall inform this Court **within 30 days** of a final decision by the state courts on the exhaustion petition.

IT IS SO ORDERED.

Dated: **May 1, 2024**

UNITED STATES DISTRICT JUDGE